**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| GARY WANG,<br><br>   Plaintiff,<br><br>   v.<br><br>EHANG HOLDINGS LIMITED, et al.,<br><br>   Defendants. | Case No. 20-cv-00569-BLF<br><br>**ORDER GRANTING IN PART WITH LEAVE TO AMEND AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>[Re: ECF 24] |

In this employment-related dispute, Plaintiff Gary Wang brings four claims against Defendants EHang Holdings Limited ("EHang Holdings"), Guangzhou EHang Intelligent Technology Co., LTD. ("EHang GZ"), Huazhi Hu, Derrick Yifang Xiong, Shang-wen Hsiao, and Richard Jian Liu (collectively, "Defendants"). *See* Compl., ECF 1. Defendants have filed a motion to dismiss all four claims pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Mot., ECF 24. For the reasons stated on the record at the October 1, 2020 hearing and as discussed below, Defendants' motion is GRANTED IN PART WITH LEAVE TO AMEND and DENIED IN PART.

**I.   BACKGROUND**

Mr. Wang alleges he was employed by EHang GZ as the general manager of its United States office from July 20, 2015, until August 31, 2016. Compl. ¶¶ 10, 14–15. The signed employment offer letter Mr. Wang attached to the complaint states that he was employed by EHang Intelligent Technology. Compl. Ex. B ("Signed Offer Letter") 1, ECF 1. Mr. Wang alleges that he was told by Defendant Xiong that EHang GZ was a wholly owned subsidiary of EHang Holdings. Compl. ¶ 12.  Mr. Wang alleges that part of his employment compensation was 516,428

shares, or 0.6%, of EHang Holdings' capital stock with a 25% annual vesting schedule. *Id.* ¶ 13. The signed employment offer does not specify that these shares are shares of EHang Holdings. Signed Offer Letter 1.

In July 2016, shortly before his resignation, Mr. Wang enquired about issuing stock certificate for his vested shares. Compl. ¶ 16. On July 24, 2016, Defendant Liu responded to Mr. Wang in a WeChat text message that the company's employee stock option plan had not yet been approved by the board of directors and no one had been issued restricted stock units. *Id.* The text message did not specify which company Defendant Liu was referring to, but Mr. Wang alleges that both Defendants Liu and Hsiao confirmed in July 2016 that the shares mentioned in the offer letter were shares of EHang Holdings. *Id.* ¶¶ 16-17. Mr. Wang alleges that Defendant Hsiao told him on September 18, 2016, that the stock plan would be approved in mid or late October, and he needed to wait for this to happen in order to receive his shares. *Id.* ¶ 18. In October, Mr. Wang proposed to Defendant Hsiao that the company buy back his shares at $1 per share. *Id.* Defendant Hsiao said he would consider it. *Id.* In November 2016, Mr. Wang again contacted Defendant Hsiao via WeChat about the share buyback, and Defendant Hsiao again told him to wait a little longer. *Id.* Mr. Wang contacted Defendant Hsiao again via WeChat in December 2016, but this time Defendant Hsiao did not respond. *Id.* ¶ 19. On February 23, 2017, Mr. Wang emailed Defendant Hsiao requesting that the company either buy back his vested shares or issue a stock certificate for the shares. *Id.*; Compl. Ex C ("Email"), ECF 1. Defendant Hsiao did not respond to the email. *Id.* ¶ 19.

In early November 2019, Mr. Wang learned that EHang Holdings filed a Form F-1 to be listed on the NASDAQ stock exchange. Compl. ¶ 20. Through the Form F-1, Mr. Wang learned that restricted share units had been issued to directors, officers, and employees based on a 2015 share inventive plan. *Id.* On November 11, 2019, Mr. Wang wrote an email to Defendant Liu , copying Defendants Hu and Xiong, and asked again for the issuance of the stock certificate. *Id.* ¶ 21. No one responded. *Id.*

Mr. Wang also learned from the Form F-1 that EHang GZ was not a wholly owned subsidiary of EHang Holdings, as he alleged was represented to him in 2015. Compl. ¶ 22a.

2

Instead, EHang GZ was a variable interest entity controlled via contract by EHang Intelligent Equipment (Guangzhou) Co., Ltd ("EHang Intelligent"). *Id.* EHang Intelligent was established in October 2015, three months after Plaintiff started working for EHang GZ. Id. ¶ 22b. EHang Intelligent is a wholly owned subsidiary of EHang Holdings. *Id.* ¶ 22a.

On January 24, 2020, Mr. Wang filed this action against Defendants, alleging four claims: 1) breach of contract against EHang GZ and EHang Holdings; 2) fraud against all Defendants; 3) unpaid wages under Cal. Lab. Code §§ 201, 203 *et seq.*; and 4) unfair competition under Cal. Bus. & Prof. Code § 17200. Compl. ¶¶ 23-46. Defendants seek dismissal under Rule 12(b)(6) on all counts. *See* Mot.

## II.  LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When considering such a motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "In general, a court should liberally allow a party to amend its pleading." *Sonoma Cty. Ass'n of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013); *See also* Fed. R. Civ. P. 15(a); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) ("A district court shall grant leave to amend freely when justice so requires," and "this policy is to be applied with extreme liberality.")

3

### III. DISCUSSION

The Court considers each claim in turn.

#### A. Breach of Contract

To state a claim for breach of contract, Plaintiffs must allege the "(1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." *Miles v. Deutsche Bank Nat'l Tr. Co.*, 186 Cal. Rptr. 3d 625, 631 (Cal. Ct. App. 2015). Defendants argue, persuasively, that Mr. Wang has not plead sufficient factual allegations to establish the existence of a contract between himself and EHang Holdings and/or EHang GZ. Mr. Wang's employment offer letter states that it was from EHang Intelligent Technology, not EHang Holdings or EHang GZ. Mr. Wang may amend the complaint to clarify the relationship between EHang Intelligent Technology and the EHang entities that he named as Defendants in his complaint. Mr. Wang may also amend the complaint to factually plead why EHang Holdings is a necessary party if it was not his employer. Additionally, if Mr. Wang wants to pursue an agency theory, the complaint must go beyond simply pleading that EHang GZ is a wholly owned subsidiary of EHang Holdings and the two share "offices, CEOS, CMOs, and CFOs." Opp'n 9, ECF 26. Accordingly, Defendants' motion to dismiss for failure to plausibly allege breach of contract is GRANTED WITH LEAVE TO AMEND.

#### B. Unpaid Wages

In order to allege an unpaid wages claim, Mr. Wang must establish that he was an employee of the companies he now sues. *See Pineda v. Bank of America*, 241 P.3d 870 (Cal. 2010). As discussed above with the breach of contract claim and at the hearing, Mr. Wang has not sufficiently alleged an employee-employer relationship between himself and either EHang GZ or EHang Holdings. For this reason, Defendants' motion to dismiss for failure to plausibly allege unpaid wages is GRANTED WITH LEAVE TO AMEND.

#### C. Fraud

Defendants argue that Mr. Wang's fraud claim is time barred. Mot. 7–8. "An action for relief on the grounds of fraud or mistake must be commenced within three years. However, such action is not deemed accrued until the discovery, by the aggrieved party, of the facts constituting

4

the fraud or mistake." *Kline v. Turner*, 105 Cal. Rptr. 2d 699, 702 (Cal. Ct. App. 2001). Discovery has been interpreted to mean, "not when the plaintiff became aware of the specific wrong alleged, but when the plaintiff suspected or should have suspected that an injury was caused by wrongdoing." *Id.*

Defendants argue the discovery date is in December 2016. Mot. 8. According to Defendants, Mr. Wang asked Defendants at least six times between July to December 2016 about issuing the stock certificate, and he did not receive a response to his final inquiry during that time period. *Id.* Defendants argue that a reasonable person should have suspected by December 2016 that Defendants were not going to issue the stock certificate. *Id.*

Mr. Wang argues that the discovery date is in November 2019, when he read EHang Holdings' Form F-1. Opp'n 12. Alternatively, he argues that the absolute earliest the discovery date could be set is February 23, 2017, when he emailed Defendant Hsiao requesting that the company either buy back his vested shares or issue a stock certificate for the shares. *Id.* Mr. Wang maintains this was the time when EHang cut off communications with him. *Id.*

"Generally, statute of limitations issues raise questions of fact that must be tried," *Kline*, 105 Cal. Rptr. 2d at 703. Accepting Mr. Wang's well-plead facts about the discovery date as true, the Court DENIES Defendants' motion to dismiss.

### D. Unfair Competition

To the extent Mr. Wang's unfair competition claim is dependent on his fraud claim, Defendants' motion to dismiss is DENIED. To the extent is it dependent on the breach of contract or unpaid wage claims, Defendants' motion is GRANTED WITH LEAVE TO AMEND.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1) Defendants' motion to dismiss on the breach of contract claim is GRANTED WITH LEAVE TO AMEND.
2) Defendants' motion to dismiss on the unpaid wages claim is GRANTED WITH LEAVE TO AMEND.

3) Defendants' motion to dismiss on the fraud claim is DENIED.

4) Defendants' motion to dismiss on the unfair competition claims is GRANTED WITH LEAVE TO AMEND in part and DENIED in part.

5) Plaintiff shall file an amended complaint on or before October 16, 2020.

**IT IS SO ORDERED**

Dated: October 2, 2020

_____
BETH LABSON FREEMAN
United States District Judge