**LILAW INC.**
J. James Li (SBN 202855)
Andrew M. Pierz (SBN 292970)
Daniel R. Peterson (SBN 326798)
1905 Hamilton Avenue, Suite 200
San Jose, California 95125
Telephone: (650) 521-5956
Facsimile:  (650) 521-5955
Emails: lij@lilaw.us & petersond@lilaw.us

Attorneys for Plaintiff GARY WANG

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| GARY WANG, an individual,<br><br>      Plaintiff,<br><br>v.<br><br>EHANG HOLDINGS LIMITED, a Cayman Islands corporation, GUANGZHOU EHANG INTELLIGENT TECHNOLOGY CO., LTD., a Chinese corporation, HUAZHI HU, an individual, DERRICK YIFANG XIONG, an individual, SHANG-WEN HSIAO, an individual, RICHARD JIAN LIU, an individual, and DOES 1 through 10, inclusive,<br><br>      Defendants. | Case No.  5:20-cv-00569-BLF<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT**<br><br>**Hearing Date: January 28, 2021**<br>**Time: 9:00 a.m.**<br>**Courtroom: 3**<br>**Judge: Hon. Beth Labson Freeman** |



LiLaw Inc.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

I.    INTRODUCTION ...................................................................................................... 1

II.   RELEVANT PLEADED FACTS ............................................................................... 2

   A.    Plaintiff Was Promised EHang Holdings' Shares.............................................. 2

   B.    The Discovery of Defendants' Fraud. ................................................................ 4

   C.    Defendants' File Three Rule 12(b) Motions and Waive Their Right to New Rule 12(b)(2)-(5) Defenses. ..................................................................................................... 5

III.  ARGUMENT ............................................................................................................. 6

   A.    Defendants Have Waived their Right to Assert a Defense Under Rule 12(b)(2). ................... 6

   B.    This Court Has Personal Jurisdiction Over Every Defendant in This Case.............................. 8

      1.    Legal Standard................................................................................................ 8

      2.    Defendants Directed Intentional Tortious Conduct at Plaintiff, a California Resident.......... 9

      3.    The Court's Jurisdiction is Reasonable. ....................................................... 11

      4.    This Court has Personal Jurisdiction over EHang Holdings Due to the Acts of its Agent, EHang Intelligent Technology. ............................................... 12

   C.    The Complaint Plausibly Alleges All Four Causes of Action ............................................... 14

      1.    The Plausibility Pleading Standard ............................................................ 14

      2.    Plaintiff has Plausibly Alleged A Claim of Breach of Contract Against Defendants EHang Intelligent Technology ............................................... 15

      3.    EHang Holdings Is Liable for Breach of Contract Under the Agency Theory ................... 16

      4.    Plaintiff has Plausibly Alleged a Claim against EHang Holdings and EHang Intelligent Technology under Cal. Labor Code §§ 201 & 203. .......................................... 16

      5.    Plaintiff has Plausibly Alleged a Cause of Action for Unfair Competition Against Defendants....................................................... 17

   D.    Plaintiff Requests Leave to Amend any Claims Dismissed by the Court.............................. 18

IV.   CONCLUSION......................................................................................................... 18

LiLaw Inc.



OPPOSITION TO MOTION TO DISMISS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TABLE OF AUTHORITIES**

**CASES**

*Alvarez v. Nationstar Mortg. LLC*,

    No. 15-CV-04204-BLF, 2016 WL 4070137 (N.D. Cal. July 29, 2016) ............................... 16

*American Ass'n of Naturopathic Physicians v. Hayhurst*,

    227 F.3d 1104 (9th Cir. 2000) ................................................................................................ 7

*Ashcroft v. Iqbal*,

    129 S. Ct. 1937 (2009) ......................................................................................................... 16

*Ass'n for Los Angeles Deputy Sheriffs v. County of Los Angeles*,

    648 F.3d 986 (9th Cir. 2011) ............................................................................................... 15

*Ballard v. Savage*,

    65 F.3d 1495 (9th Cir. 1995) ......................................................................................... 12, 13

*Bauman v. DaimlerChrysler Corp.*,

    644 F.3d 909 (9th Cir.2011) .......................................................................................... 13, 15

*Bell Atlantic Corp. v. Twombly*,

    550 U.S. 544 (2007) ............................................................................................................ 16

*Bos. Telecommunications Grp., Inc. v. Deloitte Touche Tohmatsu*,

    249 F. App'x 534 (9th Cir. 2007) .................................................................................... 8, 13

*Broam v. Bogan*,

    320 F.3d 1023 (9th Cir.2003) .............................................................................................. 19

*Calder v. Jones*,

    465 U.S. 783 (1984) ......................................................................................................... 9, 11

*Cel-Tech, Inc. v. Los Angeles Cellular Co.*,

    20 Cal. 4th 163 (1999) ........................................................................................................ 19

**LiLaw Inc.**



*Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*,

911 F.2d 242 (9th Cir. 1990) ................................................................................................. 19

*Daimler AG v. Bauman*,

134 S. Ct. 746 (2014) ............................................................................................................... 9

*Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*,

557 F.2d 1280 (9th Cir.1977) ................................................................................................... 8

*Gates Learjet Corp. v. Jensen*,

743 F.2d 1325 (9th Cir. 1984) ............................................................................................... 12

*Int'l Audiotext Network, Inc. v. AT&T*,

62 F.3d 69 (2d Cir. 1995) ....................................................................................................... 15

*King v. McGee*,

739 F. App'x 864 (9th Cir. 2018) ........................................................................................... 17

*Knievel v. ESPN*,

393 F.3d 1068 (9th Cir. 2005) ............................................................................................... 15

*Morgan v. AT&T Wireless Services, Inc.*,

177 Cal. App. 4th 1235 (2009) .............................................................................................. 19

*NuCal Foods, Inc. v. Quality Egg LLC*,

887 F. Supp. 2d 977 (E.D. Cal. 2012) .................................................................................... 11

*Oasis W. Realty, LLC. v. Goldman*,

51 Cal. 4th 811 (2011) ........................................................................................................... 16

*Pebble Beach Co. v. Caddy*,

453 F.3d 1151 (9th Cir.2006) ........................................................................................... 8, 10

*Reddy v. Litton Indus., Inc.*,

912 F.2d 291 (9th Cir. 1990) ................................................................................................. 19

*Reichert v. General Ins. Co.*,

LiLaw Inc.



OPPOSITION TO MOTION TO DISMISS

68 Cal. 2d 822 (1968) ........................................................................................ 16

*S. Sacramento Drayage Co. v. Campbell Soup Co.*,

220 Cal. App. 2d 851 (1963) ............................................................................. 13

*Schnall v. Hertz Corp.*,

78 Cal. App. 4th 1144 (2000) ............................................................................ 18

*Schwarzenegger v. Fred Martin Motor Co.*,

374 F.3d 797 (9th Cir. 2004) ........................................................................... 8, 9

*Sher v. Johnson*,

911 F.2d 1357 (9th Cir.1990) ....................................................................... 12, 13

*Smith v. State Farm*,

93 Cal. App. 4th 700 (2001) ............................................................................. 19

*United States v. City of Redwood City*,

640 F.2d 9636 (9th Cir.1981) ........................................................................... 20

## STATUTES AND RULES

Bus. & Prof. Code § 17200 ................................................................................. 17

Cal. Bus. &. Prof. Code § 17200 ......................................................................... 2

Cal. Labor Code § 201 ............................................................................ 1, 2, 17, 18

Cal. Labor Code § 203 ............................................................................ 1, 2, 17, 18

Fed. R. Civ. P. 12 ....................................................................................... passim

Fed. R. Civ. P. 4 .................................................................................................. 5

## TREATISES

Alan Wright & Arthur R. Miller, FED. PRAC. & PROC CIV. 3d § 1384 ........................ 7



LiLaw Inc.

Plaintiff Gary Wang ("Plaintiff" or "Wang") hereby opposes Defendants EHang Holdings Limited ("EHang Holdings"), Guangzhou EHang Intelligent Technology Co., Ltd. ("EHang Intelligent Technology"), Huazhi Hu ("Hu"), Derrick Yifang Xiong ("Xiong"), Shang-wen Hsiao ("Hsiao"), Richard Jian Liu ("Liu") (collectively, "Defendants")'s Motion to Dismiss the Amended Complaint (the "Motion").

## I.    INTRODUCTION

Defendants have failed to present any valid argument as to why Plaintiff's First Amended Complaint Should be dismissed and their Motion should be denied in full.

First, the instant motion is Defendant's third one filed pursuant to Rule 12 of the Fed. R. Civ. P.  and the first one to include a defense under Rule 12(b)(2) for lack of personal jurisdiction. Rule 12 is clear: Defendants failed to include this defense in their earlier motions and thus they have waived it. To the extent the Motion relies on Rule 12(b)(2) it must be summarily denied.

Second, even if Defendants had not waived this defense, which they did, the First Amended Complaint alleges that the Defendants directed intentional, tortious acts at the Plaintiff, a California resident, and the US Supreme Court has ruled that this kind of activity is precisely the kind that will bring a foreign Defendant within the reach of California's longarm statute. Additionally, the balancing test for assessing the reasonableness of exercising jurisdiction, given these acts, falls sharply in favor of the Plaintiff here and thus this Court has proper personal jurisdiction over all Defendants.

Finally, Plaintiff has plausibly alleged all three causes of action in the First Amended Complaint at issue here. Regarding breach of contract, the FAC includes the agreement at issue here which, on its face, binds defendant EHang Intelligent Technology and EHang Holdings. Further, EHang Intelligent Technology, made numerous overt representations that it was acting as EHang Holding's agent and that it had the authority to bind EHang Holdings to the agreement. As this agreement was for employment and involves compensation in the form of restricted stock units in EHang Holdings, Defendants' failure to pay is a violation of California Labor Code §§ 201 & 203.



These acts constitute unlawful business practices and are thus also a violation of Cal. Bus. & Prof. Code 17200.

As shown below, Defendants have failed to carry their high burden under both Rule 12(b)(2) and (6) and thus Plaintiff respectfully requests Defendants' Motion be denied.

## II.      RELEVANT PLEADED FACTS

### A.    Plaintiff Was Promised EHang Holdings' Shares

This case concerns a dispute between Plaintiff and the Defendants, who are corporations and the officers of those corporations, over Restricted Stock Units ("RSUs") promised to Plaintiff as compensation for working for the Defendant entities. The First Amended Complaint ("FAC") alleges four causes of action: 1. Breach of Contract against EHang Intelligent Technology and EHang Holdings; 2. Fraud against all Defendants; 3. Unpaid Wages under Cal. Lab. Code §201 & 203 against EHang Intelligent Technology and EHang Holdings; and 4. Unfair Competition under Cal. Bus. &. Prof. Code § 17200 against all Defendants. All four claims are connected to the refusal by Defendants EHang Holdings and EHang Intelligent Technology to provide Plaintiff with the promised RSUs. EHang Holdings and EHang Intelligent Technology are both part of a larger structure of corporate entities (the "EHang Group") of which EHang Holdings is the ultimate parent. FAC ¶ 3.

The promised RSUs were EHang Holdings' shares. Plaintiff interviewed with Defendant Xiong for potential employment with the EHang Group in 2015. FAC ¶ 10. Plaintiff interviewed at EHang Group's United States branch in San Carlos, California and was told that he would receive shares of EHang Holdings as part of his compensation. *Id.* On June 18, 2015, Plaintiff flew to Guangzhou, China for his final round of interviews and during these interviews Plaintiff asked for more information about the EHang Group's corporate structure. FAC. ¶¶ 11-12. Plaintiff was told by Hu, CEO of both EHang Intelligent Technology and EHang Holdings, that EHang Intelligent Technology was a wholly owned subsidiary of EHang Holdings and Hu confirmed that Plaintiff's stock options would be for the shares of the parent, EHang Holdings. *Id.*

LiLaw Inc.

Soon after this meeting, Hu provided Plaintiff with a chart showing the EHang entities' corporate structure which includes four entities: EHang Holdings at the top with EHang Intelligent Technology as a direct subsidiary and three other related subsidiaries beneath EHang Holdings: Ehfly Technology Limited ("Ehfly"); Ehfly's US subsidiary, EHang, Inc. and EHang Gmbh, EHang Inc.'s German subsidiary. *Id* at ¶¶ 11-12, Fig. 1. Unknown to Plaintiff at the time, however, this chart was inaccurate and in reality EHang Intelligent Technology is a Variable Interest Entity ("VIE") of EHang and "Messrs. Huazhi Hu and Derrick Yifang Xiong …hold 95.0% and 5.0% equity interests in EHang Intelligent Technology, respectively." *See* EHang Holding's F-1 filing at https://www.sec.gov/Archives/edgar/data/1759783/000119312519280594/d515413df1.htm#rom5154 13_17 ("F-1") at p. 6, which is incorporated by reference into the FAC at ¶ 23.

Plaintiff was hired in July 2015 to manage the U.S. office for the entire EHang Group, though he would officially be an employee of EHang Intelligent Technology, and his employment was confirmed with an offer letter. FAC ¶¶ 14-17, 33, Ex. A. The offer letter states that Plaintiff's position is "General Manager of the U.S. Office of Ehang Intelligent Technology ('Ehang' or the 'Company')", that his compensation will include "Restricted Share Units (RSUs) of **516,428 ordinary shares which represents 0.6% of the Company outstanding shares post A round funding**…granted from the day 1 of on boarding, and[sic] vested 25% annually in four years." FAC. Ex. A (emphasis in original). The letter sets Plaintiff's onboarding date at July 20, 2015. *Id.*

Though the employment agreement on its face establishes a contract between Plaintiff and EHang Intelligent Technology (FAC Ex. A), as alleged in the FAC, EHang Intelligent Technology was acting as EHang Holdings express agent in promising shares of EHang Holdings to Plaintiff, thus binding EHang Holdings to the contract as well. FAC ¶ 27. EHang Intelligent Technology was also acting as EHang Holding's apparent agent in signing the contract. EHang Intelligent Technology and EHang Holdings have a near total overlap of executives and EHang Intelligent Technology was the primary revenue producing entity of the EHang Group at the time of Plaintiff's employment. FAC ¶ 29. Throughout the interview and negotiation process, Plaintiff was promised the RSUs by EHang Intelligent Technology executives, like defendants Hu and Xiong, who are also executives and founders of EHang Holdings. *Id.* Further, though Plaintiff was told he would officially be an



LiLaw Inc.

employee of EHang Intelligent Technology, he was also told that his responsibility was to manage the U.S. office for the entire EHang Group. *Id.* It was thus apparent to Plaintiff that EHang Intelligent Technology and its representatives had the authority, as EHang Holdings agent, to bind EHang Holdings to deliver the promised RSUs. *Id.*

**B.    The Discovery of Defendants' Fraud.**

Plaintiff performed all duties required of him for the EHang Group for approximately one year before deciding to resign due to ongoing health issues. FAC ¶ 18. Plaintiff submitted his notice of resignation on August 2, 2016 and officially ended his employment with EHang Group on August 31, 2016. *Id.* By then, one quarter of his shares (516,428) had vested, resulting in a grant of 129,107 shares under the terms of the offer letter. *Id.* Plaintiff enquired about the shares on July 24, 2016, and was told by Liu via a WeChat message that the RSUs were being delayed because of the Board of Directors failure to approve an Employee Stock Option Grant and that a grant of the options now might have negative tax consequences for Plaintiff. FAC ¶ 19. Liu and Hsiao confirmed to Plaintiff soon after that the RSUs awarded in the offer letter were shares of EHang Holdings, not an EHang subsidiary. FAC ¶ 20.

Plaintiff accepted this explanation at the time and again inquired about the RSUs a few times between August to November 2016. FAC ¶ 21. Plaintiff was told by Hsiao in September 2016 that the stock plan would be approved in October 2016. *Id.* When he did not hear from EHang Intelligent Technology in October, he proposed to Hsiao that the company buy back his shares at $1 per share. *Id.* Plaintiff was told to "wait a little more" in November 2016 as well. *Id.* Plaintiff continued to inquire about the RSUs between December 2016 and February 2017. Plaintiff sent an email to Hsiao requesting his shares or that the company buy back his vested shares on February 23, 2017, to which Hsiao did not respond. FAC ¶ 22, Ex. B.

In November 2019, Plaintiff learned through EHang Holdings' Form F-1 filing that it intended to be listed on the NASDAQ exchange. FAC ¶ 23.



LiLaw Inc.

After reading the F-1 Plaintiff wrote an email to Liu, Hu, and Xiong about the shares, but received no response. FAC ¶¶ 23-25. Through the F-1, plaintiff learned the following facts which were concealed from him by Defendants:

- EHang Intelligent Technology is not a wholly owned subsidiary of EHang Holdings, but is a VIE controlled by an EHang Holdings subsidiary, EHang Intelligent Equipment (Guangzhou) Co., Ltd. ("EHang Intelligent Equipment") and that EHang Intelligent Technology is 100% owned by Hu and Xiong;

- EHang Intelligent Equipment was established in October 2015 three months after Plaintiff started working for EHang Intelligent Technology;

- EHang Intelligent Equipment obtained control over EHang Intelligent Technology through contracts in January 2016, five months after Plaintiff had started working for EHang Intelligent Technology; and

- EHang Holdings had already approved of two employee stock plans, one in 2015 (FAC. ¶ 23, F-1 at 157) and one in 2019 (F-1 at pp 156-157).

At no point prior to this lawsuit has EHang Group or any of its employees or subsidiaries denied Plaintiff's ownership of the 129,107 shares. FAC ¶ 33.

## C. Defendants' File Three Rule 12(b) Motions and Waive Their Right to New Rule 12(b)(2)-(5) Defenses.

On February 21, 2020, Plaintiff filed the Motion for Permission to Effect Service of Process on Defendants by Alternative Means (Fed. R. Civ. P. 4(f)(3)). ECF 9.

On February 26, 2020, the Court issued the Order Granting Plaintiff's Motion for Permission to Effect Service of Process on Defendants by Alternative Means (the "Service Order") and Plaintiff served Defendants following the procedures approved by the Court in the Service Order.

On March 25, 2020, Defendants filed their first motion to dismiss for insufficient service of process or, alternatively, to quash service. ECF 12. In the notice of this motion, Defendants specifically requested that the Court dismiss Plaintiff's Complaint "pursuant to Federal Rules of Civil Procedure 12(b)(5)" (ECF 12 at 1:8-9). The Court applied the standards of Rule 12(b)(5) in denying Defendants' motion. ECF 23 at 2-3.

LiLaw Inc.



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

In his Opposition to the first Rule 12(b) motion, Plaintiff stated that Defendants have waived their right to file another Rule 12(b) motion. *See* ECF 18 at 12. Despite the warning, on July 9, 2020, Defendants filed a second motion to dismiss "pursuant to Federal Rule of Civil Procedure 12(b)(6)". ECF 24 at 1:8-9. The Court issued an order on October 2, 2020 which denied Defendants' motion in part and granted Plaintiff leave to file an amended complaint. ECF 33 (the "Order"). Plaintiff filed a First Amended Complaint on October 16, 2020 (ECF 40, the "FAC") which corrects the deficiencies identified by the Court in the Order.

Defendants have now filed a third motion under 12(b) requesting, for the first time, dismissal for lack of personal jurisdiction under Rule 12(b)(2). ECF 45.

As discussed below, this third motion to dismiss must be denied.  As to the Rule 12(b)(2) portion, Defendants have waived their right to file such a motion and the Court has personal jurisdiction over Defendants anyway.  As to Rule 12(b)(6), Plaintiff has alleged sufficient facts to make all claims plausible.

### III.    ARGUMENT

**A.    Defendants Have Waived their Right to Assert a Defense Under Rule 12(b)(2).**

Though Fed. R. Civ. P. 12 (b) allows for certain defenses, the defenses described in Rule 12(b)(2)-(5) must be asserted at the first available opportunity or they are waived. Defendants failed to bring their 12(b)(2) defense prior to the instant Motion, despite having two prior opportunities to do so and, as such, they have waived this defense.

> "A party waives any defense listed in Rule 12(b)(2)–(5) by:
> (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or
> (B) failing to either:
> (i) make it by motion under this rule; or
> (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course."

Fed. R. Civ. P. 12 (h). Rule 12(g)(2) places an explicit limit on further motions stating the "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." *see also* Alan Wright & Arthur R. Miller, Fᴇᴅ. Pʀᴀᴄ. & Pʀᴏᴄ Cɪᴠ.



LiLaw Inc.

3d § 1384 ("Any defense that is available at the time of the original motion but is not included, may not be the basis of a second pre-answer motion."). Rule 12(h)(2) provides in relevant part, a "defense of failure to state a claim upon which relief can be granted ... may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits."

Defendants filed their first Rule 12 motion on March 25, 2020, "pursuant to Federal Rules of Civil Procedure 12(b)(5)." ECF 12 at 1:8-9. This motion was made on behalf of all defendants.[1] The Court applied the standards of Rule 12(b)(5) in denying Defendants' motion. ECF 23 at 2-3. Thus, Defendants made a first motion under Rule 12. Though Defendants considered this first motion a "special appearance" there can be no doubt the Defendants were not specially appearing when they filed their second motion under Rule 12. *See* ECF 24. All the defenses raised in Defendants' second Rule 12(b) motion were available to Defendants at the time of filing the first Rule 12(b) motion. Defendants have now filed a third Rule 12(b) motion, asserting for the first time a defense under Rule 12(b)(2).

The First Amended Complaint contains only additional alleged facts about Defendants' actions beyond the original complaint and thus any argument regarding lack of personal jurisdiction was available to Defendants when they filed either of their first two 12(b) motions. The Ninth Circuit has construed 12(h) strictly, observing that "[a] fundamental tenet of the Federal Rules of Civil Procedure is that certain defenses under Fed. R. Civ. P. 12 **must be raised at the first available opportunity** or, if they are not, **they are forever waived**." *American Ass'n of Naturopathic Physicians v. Hayhurst,* 227 F.3d 1104, 1106 (9th Cir. 2000) (emphasis added); *see also Bos. Telecommunications Grp., Inc. v. Deloitte Touche Tohmatsu,* 249 F. App'x 534, 538 (9th Cir. 2007) (holding Defendant waived his right to file a motion under 12(b)(2) after filing a motion under 12(b)(5) where Defendant was aware of the allegations in the complaint at the time of filing the first

---

[1] ECF 12 at 1 ("specially appearing Defendants EHang Holdings Limited, Guangzhou EHang Intelligent Technology Co., Ltd., Huazhi Hu, Derrick Xifang Xiong, Shang-Wen Hsiao, and Richard Jian Liu ("Defendants") will and hereby do move the Court for an Order dismissing Plaintiff Gary Wang's ("Plaintiff") complaint pursuant to Federal Rules of Civil Procedure 12(b)(5)").

12(b) motion). Ninth Circuit precedent and Rule 12 are clear: Defendants have waived their right to assert a new defense under Rule 12(b)(2).

To the extent Defendants' instant motion is brought under Rule 12(b)(2) it must be denied. However, out of an abundance of caution, Plaintiff responds to the substance of Defendants' arguments below as, even if Defendants' had not waived their right to assert a defense under Rule 12(b)(2), the facts of the First Amended Complaint clearly establish sufficient contacts with California to establish the personal jurisdiction of this Court over all Defendants, in addition to plausibly alleging all of its causes of action.

**B.     This Court Has Personal Jurisdiction Over Every Defendant in This Case.**

       **1.   Legal Standard**

Where, as here, the motion is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). "[U]ncontroverted allegations in the complaint must be taken as true" (*Id.*) and while the court "may not assume the truth of allegations in a pleading which are contradicted by affidavit," (*Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir.1977)) factual disputes are to be resolved in the plaintiff's favor (*Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir.2006)).

Personal jurisdiction is established in two ways: specific and general. Specific jurisdiction refers to the situation when the suit "aris[es] out of or relate[s] to the defendant's contacts with the forum." *Daimler AG v. Bauman*, 134 S.Ct. 746, 754 (2014) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8 (1984)). The Ninth Circuit employs a three-prong test to determine whether personal jurisdiction is proper:

"(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;



LiLaw Inc.

1   (2) the claim must be one which arises out of or relates to the defendant's forum-related

2   activities; and

3   (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must

4   be reasonable."

5   *Schwarzenegger*, 374 F.3d 797, 802 (9th Cir. 2004). Specific jurisdiction is properly found where

6   intentional conduct that gives rise to the complaint is directed by a defendant at a Plaintiff who

7   resides in the forum state. *Calder v. Jones*, 465 U.S. 783, 789 (1984).

### 2. Defendants Directed Intentional Tortious Conduct at Plaintiff, a California Resident.

10   It is uncontroverted that, at the time of the events giving rise to the FAC, Plaintiff was a

11   resident of California and was residing in California. FAC ¶ 1; Wang Decl. ¶ 2. It is further

12   uncontroverted that Plaintiff was interviewed for a job by defendant Xiong in San Carlos, California.

13   FAC ¶ 10. The FAC alleges, and the Plaintiff avers, that at this meeting Xiong made the following

14   representations: that if Plaintiff worked for EHang Group by managing its U.S. offices in California,

15   he would be awarded shares in EHang Intelligent Technology's parent company, EHang Holdings.

16   FAC ¶ 10, Wang Decl. ¶ 3. Though Defendants dispute that these representations were made, such

17   factual disputes must be "resolved in the plaintiff's favor." *Pebble Beach Co*, 453 F.3d 1154 (9th Cir.

18   2006). Xiong would also make further misrepresentations to Plaintiff about EHang Group's corporate

19   structure in 2015. FAC ¶ 12; Wang Decl. ¶ 3. It is uncontroverted that this interview process resulted

20   in Plaintiff being issued an offer letter for employment signed by Defendant Hsiao on behalf of

21   "EHang Intelligent Technology." FAC Ex. A. Though Defendant's dispute that EHang Intelligent

22   Technology refers to Guangzhou Ehang Intelligent Technology Co., Ltd., no other company with an

23   even remotely similar name was in existence at the time the employment agreement was signed (FAC

24   ¶ 15) or on the organizational chart shown to the Plaintiff prior to signing the employment agreement

25   (FAC Fig. 1; Wang Decl. ¶ 4).

26   The full name of "Guangzhou EHang Intelligent Technology Co., Ltd." is an exact translation

27   of the company's name in Chinese. FAC ¶ 14; Wang Decl. ¶ 4.  It is required in China that the name

28   of the city in which a business is located, here Guangzhou, be included in the official company name

LiLaw Inc.



but in common practice the city name is almost always omitted when referring to a company. Wang Decl. ¶ 4. Thus, it is reasonable to infer that "Guangzhou EHang Intelligent Technology Co., Ltd." would omit the Guangzhou city name from the employment agreement and shorten it to Ehang Intelligent Technology.

As a result of the agreement, Plaintiff managed EHang Group's U.S. offices for approximately one year before health issues forced him to resign. FAC ¶ 18, Wang Decl. ¶ 5. Soon after he began to enquire about the status of his vested RSUs. FAC ¶¶ 18-19, Wang Decl. ¶ 5. He was told on July 24, 2016 by Defendant Liu that the RSUs could not issue yet as Board of Directors had not approved an RSU plan. FAC ¶ 19, Wang Decl. ¶ 5. This was false as, according to the F-1, EHang had approved employee stock plans as early as 2015. FAC ¶ 23. At this same time, Liu and Hsiao would confirm to Plaintiff that his RSUs were to be in EHang Holdings. FAC ¶ 20, Wang Decl. 5. Hsaio would repeat Liu's misrepresentation about the Board having not yet approved an employee stock plan on September 18, 2016. FAC ¶ 21, Wang Decl. ¶ 5. Hu also made misrepresentations about EHang Group's corporate structure and stock grants to Plaintiff. FAC ¶¶ 38-39, Wang Decl. ¶ 5. Plaintiff was a resident of California residing in California while all of these contacts occurred. Wang Decl. ¶ 2. And thus, Defendants Hu, Hsiao, Xiong, Liu, and EHang Intelligent Technology all made intentional tortious acts directed at, and/or established contractual relations with, a California resident.

Defendants' argument that, because the individual Defendants were acting in their official capacity, their actions are not attributable to themselves as individuals is mistaken. "A corporate officer's contacts on behalf of a corporation [can be] sufficient to subject the officer to personal jurisdiction where the officer is a primary participant in the alleged wrongdoing or had control of, and direct participation in the alleged activities*." NuCal Foods, Inc. v. Quality Egg LLC*, 887 F. Supp. 2d 977, 997 (E.D. Cal. 2012). "[T]heir status as employees does not somehow insulate them from jurisdiction. Each defendant's contacts with the forum State must be assessed individually. *Calder v. Jones*, 465 U.S. 783, 790 (1984) (finding personal jurisdiction valid over reporters acting in their capacity as reporters). Here each of the individual Defendants is alleged to have committed an

LiLaw Inc.

1

intentional, tortious act directed at a California resident and thus their status as employees of the

2

corporate Defendants does not affect the Court's jurisdiction over them.

3

In *Calder*, the Supreme Court assessed personal jurisdiction based on allegedly libelous acts

4

committed by Florida residents in Florida which concerned a California resident. *Calder*, 465 U.S.

5

783 (1984). The Supreme Court ruled that a California court had proper personal jurisdiction over the

6

Florida residents based on the acts committed in Florida, finding "their intentional, and allegedly

7

tortious, actions were expressly aimed at California" and that the "brunt of the harm…was suffered in

8

California. *Calder*, 465 U.S. 783, 789 (1984). Here too, are Defendants alleged to have committed

9

intentional acts in other jurisdictions against a California resident whose harm was felt in California.

10

The second factor is that the action must arise out of the Defendants' forum related activities,

11

and as the FAC arises directly from these events, Plaintiff proceeds to the third and final factor for

12

establishing personal jurisdiction, the balancing test of reasonableness.

13

### 3.   The Court's Jurisdiction is Reasonable.

14

The court presumes that an otherwise valid exercise of specific jurisdiction is reasonable. *See*

15

*Sher v. Johnson*, 911 F.2d 1357, 1364 (9th Cir.1990) (once court finds purposeful availment, it must

16

presume that jurisdiction would be reasonable). The burden of convincing the Court is on Defendants

17

and to avoid jurisdiction, Defendants must "present a compelling case that the presence of some other

18

considerations would render jurisdiction unreasonable." *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th

19

Cir. 1995)

20

Here, Defendants hired Plaintiff to manage a U.S. office in California and thus there can be no

21

doubt that they purposefully availed themselves of the benefits of California. FAC ¶ 17, Wang Decl.

22

¶ 3. Though Defendants dispute which corporation Plaintiff was working for, such factual disputes

23

must be resolved in Plaintiff's favor and thus, for at least the purposes of this motion, Plaintiff was

24

hired by Defendant EHang Intelligent Technology to work in California and further the interests of

25

the entire EHang Group in the United States. FAC ¶ 29; Wang Decl. ¶ 4.

26

Defendants have not met their burden of presenting a compelling case that jurisdiction is

27

unreasonable as the balance of the factors the Court can consider weighs heavily in favor of the

28

**LiLaw Inc.**

reasonableness of its jurisdiction here. First, the forum state has a strong interest as the United States and California have an interest in protecting their citizens from fraud. *Ballard v. Savage*, 65 F.3d 1495, 1501 (9th Cir. 1995). Further, the primary dispute of this case is over failure to pay wages to a California resident for work performed in California – this Court is the natural home for this action. Second, though jurisdiction here may conflict with the sovereignty of a foreign country, it is by no means controlling as "if [this factor were] given controlling weight, it would always prevent suit against a foreign national in a United States court" *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1333 (9th Cir. 1984). Here, Defendants present no argument for this factor beyond the mere fact that the Defendants are foreign citizens and thus while this factor weighs, as it always does, in favor of the party arguing against jurisdiction it should not be given weight. Third, Defendants have not presented any evidence of burden and the Court "cannot answer the question in the abstract." *Ballard*, 65 F.3d. at 1501 (9th Cir. 1995). Defendants had to have made "a showing as to the severity of their burden" (*Id.*) and thus this factor should also not be given weight for the Defendants. Fourth, as this forum is already familiar with the facts and procedural history of the litigation to date, it is in the best position to efficiently resolve this dispute, and Defendants' argument that Plaintiff could obtain relief as effectively and conveniently in China or the Cayman Islands as opposed to the state in which he lives and resides is obviously incorrect. As such, both of these factors weigh in Plaintiff's favor. The final factor is the existence of the alternate forum. All Defendants have asserted in this regard is that "alternate forums exist in both the Cayman Islands and in China." Motion at 10:26. However, where a defendant provides no evidence of this fact, "whether the forum would be adequate is impossible to say." *Ballard*, 65 F.3d at 1502 (9th Cir. 1995). Thus, this factor also weighs in Plaintiff's favor.

Defendants have not met their burden of "present[ing] a compelling case" for unreasonableness. Every factor here either weighs in Plaintiff's favor or is argued without evidence from Defendants and thus the balance sharply tips towards a finding of reasonableness.

### 4. This Court has Personal Jurisdiction over EHang Holdings Due to the Acts of its Agent, EHang Intelligent Technology.

"For purposes of personal jurisdiction, the actions of an agent are attributable to the principal." *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir.1990). When dealing with an assumed



LiLaw Inc.

1   agent, one has a duty to ascertain the extent and nature of the authority. *Bos. Telecommunications*

2   *Grp., Inc. v. Deloitte Touche Tohmatsu*, 249 F. App'x 534, 538 (9th Cir. 2007) (citing *S. Sacramento*

3   *Drayage Co. v. Campbell Soup Co.*, 220 Cal. App. 2d 851, 857–58 (1963)). The agency test is

4   generally satisfied by showing that "the subsidiary functions as the parent corporation's representative

5   in that if it did not have a representative to perform them, the corporation's own officials would

6   undertake to perform substantially the same services." *Bauman v. DaimlerChrysler Corp.*, 644 F.3d

7   909, 920 (9th Cir.2011). Here the FAC alleges, and Plaintiff avers, that EHang Intelligent

8   Technology was acting as both as EHang Holding's express and apparent agent.

9       EHang Intelligent Technology's express agency is shown in the through the employment

10   agreement (FAC Ex. A) as it shows that EHang Intelligent Technology is promising shares in its

11   parent company EHang Holdings. FAC ¶ 27. This fact was confirmed to Plaintiff by several EHang

12   Holding's executives (*See* FAC ¶¶ 15-22; Wang Decl. ¶ 5), and EHang Intelligent Technology's

13   express authority to promise the RSUs in its parent company was further reinforced by the fact that

14   Plaintiff was hired to "manage the U.S. office for the entire EHang Group" (FAC ¶ 29; Wang Decl. ¶

15   4). No other, EHang Group entity has ever issued RSUs or raised venture capital and thus there is no

16   evidence to support the argument that Plaintiff's RSUs are of any other entity. Wang Decl. ¶ 6.

17       Further, even if there were not evidence of EHang Intelligent Technology's express agency

18   authority, EHang Intelligent Technology was also acting as EHang Holding's apparent agent in

19   signing the contract and preventing the issuance of the promised RSUs. EHang Intelligent

20   Technology and EHang Holdings have a near total overlap of executives and EHang Intelligent

21   Technology was the primary revenue producing entity of the EHang Group at the time of Plaintiff's

22   employment. FAC ¶ 29; Wang Decl. ¶ 4. Throughout the interview and negotiation process, Plaintiff

23   was promised the RSUs by EHang Intelligent Technology executives, like defendants Hu and Xiong,

24   who are also executives of EHang Holdings. FAC ¶ 29; Wang Decl. ¶ 2. Again, though Plaintiff was

25   told he would officially be an employee of EHang Intelligent Technology, he was also told that his

26   responsibility was to manage the U.S. office for the entire EHang Group. FAC ¶ 29; Wang Decl. ¶ 4.

27   It was thus apparent to Plaintiff that EHang Intelligent Technology and its representatives had the

28



1  authority, as EHang Holdings agent, to bind EHang Holdings to deliver the promised RSUs. FAC ¶

2  29; Wang Decl. ¶¶ 4, 6.

3       Plaintiff has met his burden to investigate the extent of EHang Intelligent Technology's

4  authority to promise the RSUs as he was communicating directly with high level executives of

5  EHang Holdings regarding the nature of the RSUs. *Id.* Plaintiff therefore had his beliefs about EHang

6  Intelligent Technology's authority to issue the RSUs in EHang Holdings confirmed by the best and

7  only possible source. As there was no other entity within the EHang Group that had issued RSUs

8  (Wang Decl. ¶ 6), the subsidiary, EHang Intelligent Technology, was merely functioning "as the

9  parent corporation's representative" doing what EHang Holdings would have had to have done "if it

10  did not have a representative to perform them." *Bauman v. DaimlerChrysler Corp.*, 644 F.3d

11       Thus, there are sufficient facts to establish that EHang Intelligent Technology and the

12  individual Defendants were acting as EHang Holding's agent when they committed the acts that gave

13  rise to this action. For purposes of personal jurisdiction, the actions of an agent are attributable to the

14  principle and thus this Court has personal jurisdiction over EHang Holdings in addition to each of the

15  other Defendants.

16  **C.**    **The Complaint Plausibly Alleges All Four Causes of Action**

17       In addition to arguing the waived personal jurisdiction defense, Defendants' motion also

18  requests the Court dismiss Plaintiff's first, third, and fourth causes of action, however all claims are

19  meritoriously pleaded with sufficient facts as discussed below.

20       **1.**    **The Plausibility Pleading Standard**

21  

22       In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court

23  must accept all factual allegations in the complaint as true, construe the pleadings in the light most

24  favorable to the nonmoving party, and draw all reasonable inferences in favor of the plaintiff. *Ass'n*

25  *for Los Angeles Deputy Sheriffs v. County of Los Angeles*, 648 F.3d 986, 994 (9th Cir. 2011).

26  Documents referred to in the complaint may be considered without converting the Rule 12(b)(6)

27  motion into a motion for summary judgment, but any ambiguity in the documents must be resolved in

28  favor of the plaintiffs. *Knievel v. ESPN*, 393 F.3d 1068, 1076-77 (9th Cir. 2005); *Int'l Audiotext*

LiLaw Inc.



1
2
3
4
5
6

*Network, Inc. v. AT&T*, 62 F.3d 69 (2d Cir. 1995). A court may not dismiss a complaint in which a plaintiff has alleged enough facts (taken as true) to state a claim for relief that is "plausible on its face." *Bell Atl. Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiffs succeed in stating a claim for relief by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

7
8

### 2.   Plaintiff has Plausibly Alleged A Claim of Breach of Contract Against Defendants EHang Intelligent Technology

9
10
11
12
13
14
15
16
17

To state a claim for breach of contract, Plaintiffs must allege that (1) they entered into a contract with EHang Intelligent Technology and EHang Holdings, (2) Plaintiff performed or were excused from performance under the contract, (3) Defendants breached the contract, and (4) Plaintiffs suffered damages from the breach. *Oasis W. Realty, LLC. v. Goldman*, 51 Cal. 4th 811, 821 (2011) (citing *Reichert v. General Ins. Co.*, 68 Cal. 2d 822, 830 (1968)). There is no dispute that Plaintiff performed as general manager and that he has not received any shares of any EHang entity. Defendants only dispute whether the contract at issue binds EHang Intelligent Technology and EHang Holdings and here Plaintiff has plausibly alleged sufficient facts to state a claim for breach of contract against EHang Intelligent Technology and for agent liability against EHang Holdings.

18
19
20
21
22
23
24
25
26
27
28

In order to sufficiently allege the existence of a contract, (1) "the terms must be set out verbatim in the body of the complaint, (2) a copy of the written instrument must be attached...," or (3) "a plaintiff may plead the legal effect of the contract rather than its precise language." *Alvarez v. Nationstar Mortg. LLC*, No. 15-CV-04204-BLF, 2016 WL 4070137, at *2 (N.D. Cal. July 29, 2016). Plaintiff has attached a copy of the written instrument as Exhibit A to the FAC, which establishes that Plaintiff will serve as general manager in exchange for compensation including shares. Defendants' arguments, that because Hsiao used the short name "Ehang Intelligent Technology" on the contract instead of the unwieldy "Guangzhou EHang Intelligent Technology Co., Ltd" they must be different entities, is inapposite. First, Plaintiff alleges that "Ehang Intelligent Technology" refers to "Guangzhou EHang Intelligent Technology Co., Ltd" (*see e.g.* FAC. ¶¶ 13-15) and the facts of the Complaint must be taken as true for the purposes of this motion. The FAC further alleges that



LiLaw Inc.

Plaintiff was to manage the U.S. office on behalf of the entire EHang Group but would be officially employed by "EHang Intelligent Technology because it was the main revenue-generating entity" for the EHang Group. *Id.*

Further, Defendants' F-1 shows no other EHang entities with names similar to "Ehang Intelligent Technology" at the time of the signing and thus it reasonable to infer that "Ehang Intelligent Technology" refers to Defendant "Guangzhou EHang Intelligent Technology Co., Ltd" and that EHang Intelligent Technology is bound by the offer letters' terms as a signatory to the contract. This is a far more reasonable inference than Defendants' contention that "Ehang Intelligent Technology" was meant to refer to EHang Inc. As, any ambiguity in the documents must be resolved in favor of the plaintiffs (*Knievel*, 393 F.3d at 1076-77 (9th Cir. 2005)), Plaintiff has plausibly alleged the existence of a contract with EHang Intelligent Technology and the breach of that contract.

### 3. EHang Holdings Is Liable for Breach of Contract Under the Agency Theory

"Apparent agency occurs, and vicarious liability for the principal follows, where a principal makes objective manifestations leading a third person to believe the wrongdoer is an agent of the principal." *King v. McGee*, 739 F. App'x 864, 865 (9th Cir. 2018). As shown above, Plaintiff has alleged several objective manifestations of EHang Intelligent Technology that lead Plaintiff to believe EHang Intelligent Technology had the authority to promise Plaintiff RSUs in EHang Holdings. The FAC alleges that Plaintiff was repeatedly assured by executives of EHang Holdings that the shares promised in the employment agreement were RSUs in EHang Holdings. *See* FAC ¶¶ 19-22. When combined with the facts that EHang Holdings and EHang Intelligent Technology had a near complete overlap of executives and that EHang Intelligent Technology was the main revenue generating subsidiary of the parent holding company (FAC ¶ 29), any reasonable person would believe that EHang Intelligent Technology was acting with authority when it promised Plaintiff the RSUs. Therefore, it is plausibly alleged that EHang Intelligent Technology was acting as EHang Holdings' agent and EHang Holdings is vicariously liable for the breach of contract and related torts.

### 4. Plaintiff has Plausibly Alleged a Claim against EHang Holdings and EHang Intelligent Technology under Cal. Labor Code §§ 201 & 203.



LiLaw Inc.

A claim of Unpaid Wages under Cal. Lab. Code § 201 and 203 requires that Plaintiff plausibly allege (1) that he performed work for EHang Intelligent Technology; (2) that EHang Intelligent Technology owes Plaintiff wages under the terms of the employment; and (3) the amount of unpaid wages. *See* CACI No. 2700. Here, Defendants' only dispute that Plaintiff performed work for EHang Intelligent Technology under the same theory as above, arguing that the "Ehang Intelligent Technology" Plaintiff agreed to work for in the offer letter is not the same entity as "Guangzhou EHang Intelligent Technology Co., Ltd" (i.e. EHang Intelligent Technology). As shown in the previous section, the Complaint plausibly alleges that "Ehang Intelligent Technology" is indeed EHang Intelligent Technology and that there is no other plausible entity to which "Ehang Intelligent Technology" could refer. The FAC sets forth sufficient facts to reasonably infer that Plaintiff worked for EHang Intelligent Technology and was promised RSUs in the parent company as compensation which were never issued to him. As in the previous section, Plaintiff has plausibly alleged that EHang Intelligent Technology was acting as EHang Holdings' agent in promising Plaintiff the RSUs in EHang Holdings and made numerous overt representations to this effect before, during, and after Plaintiff's employment with EHang Group. *See e.g.* FAC ¶¶ 20-22. Thus, both entity Defendants are liable for failure to pay Plaintiff the promised compensation under the employment agreement

### 5. Plaintiff has Plausibly Alleged a Cause of Action for Unfair Competition Against Defendants.

Bus. & Prof. Code § 17200 "has three prongs; it can be violated by conduct that is 'fraudulent,' 'unfair, or 'unlawful.' *Schnall v. Hertz Corp.*, 78 Cal. App. 4th 1144, 1167 (2000). "By proscribing 'any unlawful' business practice, 'section 17200 borrows violations of other laws and treats them as unlawful practices' that the unfair competition law makes independently actionable." *Cel-Tech, Inc. v. Los Angeles Cellular Co.*, 20 Cal. 4th 163, 180 (1999). While a claim for unfair competition may be stated even where there is no breach of an underlying law, "[v]irtually any law – federal, state or local – can serve as a predicate for an action; under the UCL's unlawful prong." *BladeRoom, supra*, 219 F.Supp. 3d at 995 (N.D. Cal. 2017); *Smith v. State Farm*, 93 Cal. App. 4th 700, 718 (2001). A "claim based on the fraudulent prong can be based on representations that deceive because they are untrue, but ''also those which may be accurate on some level, but will nonetheless

LiLaw Inc.



1

2

tend to mislead or deceive." *Morgan v. AT&T Wireless Services, Inc.*, 177 Cal. App. 4th 1235, 1255
(2009).

3

4

5

Here, as shown above, Plaintiff has plausibly alleged a claim under Cal. Lab. Code § 201 and
203 against both EHang Intelligent Technology and EHang Holdings and thus satisfied at least the
unlawful prong as to these two Defendants.

6

**D.     Plaintiff Requests Leave to Amend any Claims Dismissed by the Court.**

7

8

9

10

11

12

13

14

15

16

In general, if the allegations are insufficient to state a claim, a court should grant leave to
amend, unless amendment would be futile. *See, e.g. Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296
(9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47
(9th Cir. 1990). Dismissal without leave to amend is proper only in 'extraordinary' cases." *Broam v.
Bogan*, 320 F.3d 1023, 1028 (9th Cir.2003) (*citing United States v. City of Redwood City*, 640 F.2d
963, 966 (9th Cir.1981)). Defendants' arguments all rest on their contention that the FAC does not set
forth sufficient facts to state a claim for relief and thus each of Defendants' arguments, if found to
have merit by the Court, could be cured with additional factual allegations. Therefore, Plaintiff
respectfully requests leave to amend any causes of action dismissed by the Court pursuant to the
Motion.

17

18

**IV.     CONCLUSION**

19

20

21

22

23

24

25

Defendants have improperly filed a third 12(b) motion raising arguments that they did not
raise in either of their first two 12(b) motions and thus they have waived the Rule 12(b)(2) defense
argued here. However, even if the court find that Defendants had not waived this defense, the overt
acts of Defendants directed at a resident of California have established the validity of personal
jurisdiction over the Defendants in this case. Finally, Plaintiff has plausibly alleged all causes of
action in the complaint and corrected the issues identified by the Court in its original complaint. For
these reasons, Plaintiff respectfully requests the Court to deny Defendants' Motion in its entirety.

26

27

28

**LiLaw Inc.**

DATED:  November 13, 2020         **LILAW INC.**
Attorneys for Plaintiff Gary Wang


By  /s/ Andrew Pierz
_____

Andrew Pierz

