**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| GARY WANG,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>EHANG HOLDINGS LIMITED, et al.,<br><br>　　　　Defendants. | Case No.  20-cv-00569-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS** |

In this employment-related dispute, Plaintiff Gary Wang brings four claims against Defendants EHang Holdings Limited ("EHang Holdings"), Guangzhou EHang Intelligent Technology Co., LTD. ("EHang Intelligent Technology"), Huazhi Hu, Derrick Yifang Xiong, Shang-wen Hsiao, and Richard Jian Liu (collectively, "Defendants"). Defendants have filed a motion to dismiss Mr. Wang's breach of contract, unpaid wages, and unfair competition claim ("UCL"). *See* Mot., ECF 45. The Court DENIES this motion as to Mr. Wang's breach of contract and unpaid wages claims and GRANTS WITH LEAVE TO AMEND the motion as to Mr. Wang's unfair competition claim.

As a preliminary matter, Defendants' argument that this Court lacks personal jurisdiction fails because it has been waived. Defendants needed to raise this defense in their prior motion to dismiss, but they did not do so. *See American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1106 (9th Cir. 2000) ("[a] fundamental tenet of the Federal Rules of Civil Procedure is that certain defenses under Fed. R. Civ. P. 12 must be raised at the first available opportunity or, if they are not, they are forever waived."). This defense has been waived.

The Court finds that Mr. Wang has adequately plead his breach of contract and unpaid wages claims against both parties. Regarding Defendant EHang GZ, the Court finds that Mr.

1  Wang has adequately plead that Ehang Intelligent Technology, as stated on his contract, is the
2  same company as Guangzhou EHang Intelligent Technology Co., Ltd. Am. Compl. ¶¶ 13-15, ECF
3  40. As to the unpaid wages claim under California Labor Code §§ 201, 203 *et seq*, Defendants'
4  only argument is that Mr. Wang has failed to adequately allege that he was employed by EHang
5  Intelligent Technology. Mot. 13. Because the Court has found that Mr. Wang has adequately plead
6  this, the motion to dismiss the unpaid wages claim and breach of contract claim against EHang
7  Intelligent Technology is DENIED.

8  The Court also finds that Mr. Wang has adequately plead both claims against Defendant
9  EHang Holdings under an agency theory at this stage of the case. Am. Compl. ¶¶ 12, 19-22, 29.
10 When considering a motion to dismiss, the Court "accept[s] factual allegations in the complaint as
11 true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek*
12 *v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Here, Mr. Wang alleges
13 that he was assured by executives of EHang Holdings (who were also executives of EHang
14 Intelligent Technology) that the shares promised in the employment agreement were restricted
15 stock units in EHang Holdings. Accordingly, the motion to dismiss the unpaid wages claim and
16 breach of contract claim against EHang Holdings is DENIED.

17 The Court will GRANT Defendants' motion to dismiss Mr. Wang's UCL claim. Although
18 this order is not based on Defendants' argument in their motion, the Court sua sponte requested
19 that parties address the Ninth Circuit's recent ruling in *Sonner v. Premier Nutrition Corp.*, 971
20 F.3d 834, 844 (9th Cir. 2020). *See* Order, ECF 52. In *Sonner*, the Ninth Circuit made it clear that a
21 plaintiff "must establish that [he] lacks an adequate remedy at law before securing equitable
22 restitution for past harm under the UCL." *Sonner*, 971 F.3d at 844. Mr. Wang acknowledged that
23 he has not done that here, but he requests leave to amend.

24 Based on the foregoing the Court DENIES the motion to dismiss the breach of contract and
25 unpaid wages claims and GRANTS the motion to dismiss as to the UCL claim with leave to
26 amend. Mr. Wang must file an amended complaint, along with a redlined version, by February 4,
27 2021.

1  **IT IS SO ORDERED.**

3  Dated: January 21, 2021

_____
BETH LABSON FREEMAN
United States District Judge