UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GARY WANG,<br><br>        Plaintiff,<br><br>v.<br><br>EHANG HOLDINGS LIMITED, et al.,<br><br>        Defendants. | Case No.  20-cv-00569-BLF<br><br>**ORDER DENYING DEFENDANTS' ADMINISTRATIVE MOTION TO EXTEND THE DISCOVERY CUT-OFF**<br><br>[Re:  ECF 83] |

The Court has reviewed Defendants' administrative motion to extend the discovery cut-off (ECF 83) and Plaintiff's opposition thereto (ECF 87).  The Court previously advised the parties that the motion would be taken under submission without oral argument upon the filing of Plaintiffs' opposition.  *See* Order Setting Briefing Schedules, ECF 86.

Defendants' motion is DENIED for the reasons discussed below.

## DISCUSSION

Plaintiff Gary Wang filed this case on January 24, 2020.  *See* Compl., ECF 1.  The operative second amended complaint ("SAC") asserts claims for breach of contract, fraud, and labor code violations arising out of Plaintiff's former employment with a group of companies he refers to as "EHang Group."  *See* SAC ¶¶ 3, 10-25, ECF 55.  The named defendants are EHang Holdings Limited, Guangzhou EHang Intelligent Technology Co., Ltd., Huazhi Hu, Derrick Yifang Xiong, Shang-Wen Hsiao, and Richard Jian Liu.  *See id.* ¶¶ 2-8.

Following the Initial Case Management Conference on October 1, 2020, the Court issued a Case Management Order setting the case schedule, including the last day to hear dispositive motions, the Final Pretrial Conference date, and the Trial date.  *See* Case Management Order, ECF 36.  On October 19, 2020, the Court approved the parties' stipulated request to set March 4, 2021

1  as the fact and discovery cut-off date.  *See* Stipulation and Order, ECF 42.  On April 13, 2021, the
2  Court approved the parties' stipulated request to extend the discovery cut-off to April 30, 2021.
3  On July 23, 2021, the Court granted Defendants' motion to continue trial due to pandemic-related
4  restrictions on travel from China to the United States.  *See* Order Granting Defendants' Motion to
5  Continue Trial, ECF 76.  The Court continued the trial date from October 18, 2021 to April 4,
6  2022 (with jury selection commencing on April 1, 2022).  *See id.*; Clerk's Notice, ECF 77.

7  Subsequently, on August 18, 2021, Defendants obtained new counsel, who apparently was
8  not satisfied with the discovery taken by prior counsel.  *See* Liu Decl. ¶¶ 3-5, ECF 83-1.  New
9  defense counsel sought a stipulation to extend the discovery cut-off, but Plaintiff's counsel
10 declined to agree to an extension.  *See id.*  Defendants then filed the present administrative motion
11 to extend the discovery cut-off date.  As noted above, the discovery cut-off was on April 30, 2021.
12 Defendants do not propose a new cut-off; they merely seek an extension to permit them to depose
13 Plaintiff.  *See* Admin. Mot. at 1, ECF 83.  The motion is opposed by Plaintiff.

14 Defendants assert that their motion for extension of the discovery cut-off is governed by
15 Federal Rule of Civil Procedure 6(b)(1).  However, Plaintiff correctly points out that because
16 Defendants seek modification of the case schedule, the motion is governed by Federal Rule of
17 Civil Procedure 16.  Rule 16 provides in relevant part that "[a] schedule may be modified only for
18 good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "The central inquiry under
19 Fed. R. Civ. P. 16(b)(4) is whether the requesting party was diligent."  *DRK Photo v. McGraw-*
20 *Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978, 989 (9th Cir. 2017).  "Although the existence or
21 degree of prejudice to the party opposing the modification might supply additional reasons to deny
22 a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification."
23 *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  "If that party was not
24 diligent, the inquiry should end."  *Id*.

25 Defendants have not demonstrated that they were diligent in taking discovery in this case.
26 Defendants assert that they need to take Plaintiff's deposition in order to defend against his fraud
27 claim, but they do not explain why Plaintiff's deposition could not have been taken prior to the
28 original discovery cut-off date of March 4, 2021, or the extended discovery cut-off date of April

2

30, 2021. Defendants also suggest that additional discovery is necessary because Plaintiff produced numerous documents on March 12, 2021. Defendants do not explain how Plaintiff's deposition – the only specific discovery Defendants have indicated they wish to take – relates to the document production. To the extent Defendants' motion is based on new counsel's dissatisfaction with the manner in which discovery previously was handled in this case, any diligence on the part of former counsel is attributable to Defendants and does not constitute good cause to extend the discovery cut-off under Rule 16. *See Rashdan v. Geissberger*, No. C 10-00634 SBA, 2012 WL 566379, at *3 (N.D. Cal. Feb. 21, 2012) ("While [former counsel's] acts and omission may give rise to a claim of malpractice, they do not constitute good cause for purposes of a request to modify the Court's pretrial scheduling order.").

Because Defendants have failed to establish the requisite diligence in taking discovery, they have not established good cause for modification of the case schedule.

**ORDER**

Defendants' administrative motion to extend the discovery cut-off is DENIED.

Dated: September 8, 2021

BETH LABSON FREEMAN
United States District Judge

3