United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GARY WANG,<br><br>   Plaintiff,<br><br>   v.<br><br>EHANG HOLDINGS LIMITED, et al.,<br><br>   Defendants. | Case No.  20-cv-00569-BLF<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR LEAVE TO FILE A MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>[Re:  ECF 82] |

Before the Court is a motion for leave to file a motion for judgment on the pleadings brought by Defendants EHang Holdings Limited, Guangzhou EHang Intelligent Technology Co., LTD., Huazhi Hu, Derrick Yifang Xiong, Shang-Wen Hsiao, and Richard Jian Liu.  *See* Mot. for Leave, ECF 82.  Plaintiff has filed an opposition, and Defendants have filed a reply.  *See* Opp., ECF 89; Reply, ECF 91.  The Court has taken the motion under submission without oral argument.  *See* Order Setting Briefing Schedules, ECF 86.

Defendants' motion for leave to file a motion for judgment on the pleadings is DENIED for the reasons discussed below.

**I.     BACKGROUND**

Plaintiff Gary Wang filed the complaint in this action on January 24, 2020.  *See* Compl., ECF 1.  Defendants responded by filing a motion to dismiss for insufficient service of process or, alternatively, to quash service of process.  *See* Mot. to Dismiss or Quash, ECF 12.  That motion was denied by the Court on June 29, 2020.  *See* Order Denying Motion, ECF 23.  Defendants then filed a motion to dismiss the complaint for failure to state a claim pursuant to Federal Rule of

1  Civil Procedure 12(b)(6).  *See* Mot. to Dismiss, ECF 24.  The Court granted that motion in part
2  with leave to amend, and denied the motion in part, on October 2, 2020.  *See* Order Granting in
3  Part, ECF 33.
4        Plaintiff's first amended complaint ("FAC") was filed on October 16, 2020.  *See* FAC,
5  ECF 40.  Defendants moved to dismiss the FAC for lack of personal jurisdiction under Federal
6  Rule of Civil Procedure 12(b)(2) and for failure to state a claim under Federal Rule of Civil
7  Procedure 12(b)(6).  *See* Mot. to Dismiss, ECF 45.  The Court denied the Rule 12(b)(2) motion
8  and granted in part and denied in part the Rule 12(b)(6) motion.  *See* Order Granting in Part, ECF
9  54.
10        Plaintiff filed the operative second amended complaint ("SAC"), on February 3, 2021,
11  asserting claims for:  (1) breach of contract, (2) fraud, and (3) unpaid wages.  *See* SAC, ECF 55.
12  Defendants did not file another Rule 12(b) motion challenging the sufficiency of Wang's SAC.
13  Instead, Defendants filed an answer to the SAC on February 17, 2021.  *See* Answer, ECF 56.
14        On March 12, 2021, the Court issued an order vacating the April 15, 2021 hearing date it
15  had reserved for dispositive motions in this case, as neither side had filed a dispositive motion.
16  *See* Order Vacating Hearing Date, ECF 57.  The April 15, 2021 cut-off for hearing dispositive
17  motions was set in the Case Management Order issued by the Court on October 1, 2020, following
18  the Initial Case Management Conference.  *See* Case Management Order, ECF 36.
19        On April 8, 2021, Defendants filed a motion to compel arbitration and to dismiss the SAC
20  or, alternatively, for a stay pending completion of arbitration.  *See* Motion to Compel, ECF 62.
21  That motion has been briefed and is set for hearing on October 7, 2021.
22        Defendants thereafter moved to continue the October 2021 trial due to restrictions on travel
23  from China to the United States. See Mot. to Continue, ECF 73.  The Court granted the requested
24  continuance over Plaintiff's objection, and reset the trial to April 4, 2022.  *See* Order Granting
25  Mot. to Continue, ECF 76.
26        On August 26, 2021, Defendants filed an administrative motion to extend the discovery
27  cut-off, which was denied by the Court.  *See* Admin. Mot., ECF 83; Order Denying Admin. Mot.,
28  ECF 88.

Also on August 26, 2021, Defendants filed the present motion for leave to file a motion for judgment on the pleadings. *See* Mot. for Leave, ECF 82. The Court set a briefing schedule and advised the parties that the motion would be decided without oral argument. *See* Order Setting Briefing Schedules, ECF 86.

## II. DISCUSSION

As noted above, the cut-off for hearing dispositive motions in this case was April 15, 2021. *See* Case Management Order, ECF 36. Thus, any dispositive motion had to be filed by March 11, 2021. Neither party filed a timely dispositive motion. *See* Order Vacating Hearing Date, ECF 57. Defendants now seek leave to file a dispositive motion in the form of a motion for judgment on the pleadings. Defendants wish to argue that: the Court lacks jurisdiction over Claim 1 for breach of contract because that claim is subject to an arbitration clause; Claim 2 for fraud is not pled with adequate specificity; and Claim 3 for unpaid wages is time-barred.

Defendants' motion is governed by Federal Rule of Civil Procedure 16, as they seek to modify the dispositive motions cut-off set in the case schedule. Rule 16 provides in relevant part that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The central inquiry under Fed. R. Civ. P. 16(b)(4) is whether the requesting party was diligent." *DRK Photo v. McGraw-Hill Glob. Educ. Holdings*, LLC, 870 F.3d 978, 989 (9th Cir. 2017). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "If that party was not diligent, the inquiry should end." *Id*.

Defendants do not address Rule 16 in their motion. Nor do they make the requisite showing of diligence. Indeed, it is difficult to understand how Defendants could do so, given the procedural history recited above. Although all of the alleged defects in the SAC are apparent on their face, Defendants elected to answer the SAC rather than file a motion to dismiss pursuant to Rule 12(b). Defendants waited six months after the SAC was filed, and four months after expiration of the dispositive motions cut-off, to seek leave to file a motion for judgment on the pleadings. Defendants offer no explanation for their delay. No declaration is provided with the

3

motion brief, and the motion itself argues only that a motion for judgment on the pleadings would narrow the issues in the case and that Plaintiff would not be prejudiced by having to defend such a motion. *See* Mot. for Leave at 2, ECF 82. Defendants do offer a declaration of counsel in support of their reply. *See* Liu Decl., ECF 91-1. Counsel states that Defendants did not recognize that a motion for judgment on the pleadings could resolve the case until counsel came into the case. *See id.* ¶ 5. By that time the deadline to file dispositive motions had expired. *See id.* ¶ 5. The failure of prior counsel to file appropriate motions does not constitute good cause to extend the dispositive motions cut-off under Rule 16. *See Rashdan v. Geissberger*, No. C 10-00634 SBA, 2012 WL 566379, at *3 (N.D. Cal. Feb. 21, 2012) ("While [former counsel's] acts and omission may give rise to a claim of malpractice, they do not constitute good cause for purposes of a request to modify the Court's pretrial scheduling order.").

On this record, the Court finds that Defendants have not established the diligence necessary to warrant modification of the case schedule. The Court also finds that granting Defendants' motion would prejudice Plaintiff. Plaintiff has been required to litigate two motions to dismiss and a motion to compel arbitration, as well as a number of more minor motions. It would be unreasonable to require Plaintiff to engage in further motion practice when he justifiably has believed the pleadings to be settled for months, particularly when the proposed challenges to the SAC could have been raised any time after the SAC was filed. The Court finds that Defendants have not demonstrated good cause to modify the case schedule under Rule 16.

### III. ORDER

Defendants' motion for leave to file a motion for judgment on the pleadings is DENIED.

Dated: September 27, 2021

_____
BETH LABSON FREEMAN
United States District Judge