UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GARY WANG,<br><br>    Plaintiff,<br><br>v.<br><br>EHANG HOLDINGS LIMITED, et al.,<br><br>    Defendants. | Case No. 20-cv-00569-BLF<br><br>**ORDER DENYING DEFENDANTS' ADMINISTRATIVE MOTION TO CONTINUE TRIAL**<br><br>[Re: ECF 97] |

    The Court has reviewed Defendants' administrative motion to continue the trial (ECF 97) and Plaintiff's opposition thereto (ECF 98). The motion is DENIED for the reasons discussed below.

    A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order . . . will not be disturbed unless they evidence a clear abuse of discretion." *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (internal quotation marks and citation omitted). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* (internal quotation marks and citation omitted). "Although the existence or degree of prejudice to the party opposing the modification might supply additional

1  reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking

2  modification." *Id*.

3        Applying this standard, the Court finds that Defendants have not shown good cause for the

4  requested trial continuance.  This is the second trial continuance sought by Defendants.  In July

5  2021, the Court granted Defendant's first motion to continue the trial based on COVID-19 related

6  restrictions on travel from China to the United States.  *See* Order Granting Defendants' Mot. to

7  Cont. Trial, ECF 76.  Defendants acknowledge that the travel ban has been lifted by the United

8  States government, but they assert that they "had to stop" their visa applications due to the

9  Omicron variant of the COVID-19 virus.  Defendants have not submitted evidence establishing

10 that they were not able to pursue their visa applications due to Omicron.  The declaration of

11 Xiping Wang, identified only as "an employee of Defendant EHang Holdings Limited," does not

12 establish a foundation for personal knowledge as to the visa applications of the individual

13 Defendants.  *See* Xiping Wang Decl., ECF 97-1.  The individual Defendants have not submitted

14 declarations in support of the motion.  The Court cannot find, based on this record, that

15 Defendants have been diligent in pursuing visa applications to allow them to testify at trial.

16       Moreover, any continuance in the trial date would result in a delay of more than two years.

17 Defendants request a continuance of 90-120 days.  However, the Court has no trial availability

18 during the requested time frame.  The Court's trial calendar has been significantly impacted by the

19 COVID-19 virus, as numerous trials that were vacated while in-person proceedings were

20 suspended have had to be rescheduled.  The Court currently is setting trials in late 2024.  A

21 continuance of that length would unfairly prejudice Plaintiff, who filed this suit in 2020 to recover

22 alleged unpaid compensation.

23       Any witness unable to travel to the courthouse may request permission to testify at the trial

24 via Zoom.  The Court notes that Defendants' counsel, Youjun Liu, has filed a declaration

25 suggesting that testifying via Zoom would not be feasible because of technical difficulties.  *See*

26 Liu Decl., ECF 97-2.  However, the Court has held numerous proceedings in which attorneys and

27 witnesses appeared via Zoom without difficulty.  Counsel and Defendants have ample time to

28 resolve any technical difficulties before jury selection on April 1, 2022.

Defendants' administrative motion to continue the trial date is DENIED.

**IT IS SO ORDERED.**

Dated: February 14, 2022

_____
BETH LABSON FREEMAN
United States District Judge