1

2

3

4 **UNITED STATES DISTRICT COURT**

5 **NORTHERN DISTRICT OF CALIFORNIA**

6 **SAN JOSE DIVISION**

7

8 GARY WANG,                                    Case No.  20-cv-00569-BLF

9             Plaintiff,

10         v.                                   **ORDER RE MOTIONS IN LIMINE**

                                                [Re:  ECF 103, 104, 106, 107, 108]
11 EHANG HOLDINGS LIMITED, et al.,

12             Defendants.

13

14         The Court held the Final Pretrial Conference in this case on March 3, 2022, at which time

15 it issued oral rulings on the parties' Motions *in Limine*.  Those rulings are summarized as follows:

16 **PLAINTIFF'S MOTIONS *IN LIMINE***

17 **(1)      Plaintiff's Motion *in Limine* No. 1 to Exclude Defendants from Introducing**

18 **Documents not Produced During Discovery (ECF 103)**

19         Plaintiff moves to exclude any documents offered by Defendants at trial that were not

20 produced in discovery.  "If a party fails to provide information . . . as required by Federal Rule of

21 Civil Procedure 26(a) or (e), the party is not allowed to use that information . . . at a trial, unless

22 the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).  In addition or

23 instead of this sanction, a court may order payment of the reasonable expenses caused by the

24 failure, may inform the jury of the party's failure, or may impose other appropriate sanctions.  *See*

25 *id.*  Plaintiff asserts that Defendants' total document production in this case consisted of five

26 public documents, and Plaintiff seeks to preclude Defendants from submitting any other

27 documents that were requested by Plaintiff during discovery and not produced.

28         Defendants argue that Plaintiff's motion is overly broad, pointing out that Defendants

United States District Court
Northern District of California

1   objected to certain document requests.  *See* Liu Decl. ¶ 3 & Exh. A, ECF 113-1.  It is unclear

2   whether Plaintiff moved to compel production of documents in response to those objections.  The

3   Court would exclude documents under Rule 37(c) only upon a showing that the documents were

4   within the scope of a request for production and were not produced, and Plaintiff either obtained

5   agreement to production or successfully moved to compel production.  The Court cannot tell

6   whether these requirements are satisfied as to any of Defendants' proposed exhibits.  Accordingly,

7   the Court cannot grant Plaintiff's motion as currently framed.

8   At the hearing, Plaintiff raised a different issue regarding Defendants' document

9   production, asserting that the documents identified in Defendants' exhibit list are not Bates

10  stamped, and that as a result Plaintiff cannot tell whether the documents were produced.  The

11  Court will presume that documents that are not Bates stamped were not produced in discovery.

12  The proponent of any such documents will have to establish their admissibility.

13  With this guidance, Plaintiff's Motion *in Limine* No. 1 is DENIED WITHOUT

14  PREJUDICE to Plaintiff's ability to object to particular documents at trial.

15  **(2)     Plaintiff's Motion *in Limine* No. 2 to Exclude Argument and Evidence Regarding**

16  **Plaintiff's Job Performance (ECF 104)**

17  Plaintiff moves to exclude argument and evidence regarding Plaintiff's job performance.

18  Plaintiff states that Defendants seek to defend against Plaintiff's contract and wage claims on the

19  basis that Plaintiff's performance was inadequate.  Plaintiff argues that the adequacy of his job

20  performance is irrelevant to his contract and wage claims.

21  In opposition, Defendants state that they wish to present evidence of Plaintiff's job

22  performance to clarify the scope of his duties, where he performed those duties, and to whom he

23  reported.  Defendants contend that these issues are relevant to their contention that Plaintiff never

24  entered into a written employment contract with any of the entity Defendants.

25  Plaintiffs' Motion *in Limine* No. 2 is GRANTED IN PART AND DENIED IN PART.  The

26  motion is GRANTED with respect to evidence regarding the quality of Plaintiff's work, and the

27  motion is DENIED with respect to evidence regarding the scope of Plaintiff's duties, where he

28  performed those duties, and to whom he reported.

United States District Court
Northern District of California

# DEFENDANTS' MOTIONS *IN LIMINE*

**(1)      Defendants' Motion *in Limine* No. 1 to Exclude Evidence and Argument Regarding Plaintiff's New Claim Against Defendant Huazhi Hu of Being a Co-Employer of Plaintiff (ECF 106)**

Defendants move to exclude evidence and argument regarding Plaintiff's new theory that Defendant Huazhi Hu was Plaintiff's co-employer and thus may be liable for the California Labor Code violations asserted in Claim 3 of the second amended complaint ("SAC"). Defendants point out that Defendant Hu is not named in Claim 3 in the SAC. Defendants argue that it is too late for Plaintiff to request leave to amend his pleading.

Plaintiff argues that amendment of Claim 3 to add Defendant Hu is proper to conform his pleading to proof. According to Plaintiff, the evidence will show that Defendant Hu controls one or more of the Defendant companies to the extent that he properly should be considered Plaintiff's co-employer. Plaintiff contends that adding Defendant Hu to Claim 3 would not necessitate any further discovery and thus that the addition would not prejudice Defendant Hu.

Plaintiff's request for leave to amend his pleading to conform to proof is governed by Federal Rule of Civil Procedure 15(b)(1). Rule 15(b)(1) provides as follows:

> If, at trial, a party objects that evidence is not within the issues raised in the pleadings, the court may permit the pleadings to be amended. The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits. The court may grant a continuance to enable the objecting party to meet the evidence.

Fed. R. Civ. P. 15(b)(1). While the jury has not yet been seated, the Court views Defendants' motion as a preemptive objection to evidence that Plaintiff proposes to offer at trial, on the basis that the evidence is not within the scope of the SAC.

Under the liberal standard for amendment set forth in Rule 15(b)(1), this Court should "freely permit" the proposed amendment unless doing so would prejudice Defendant Hu. Defendant Hu has not identified any prejudice that would result from the proposed amendment. At the Final Pretrial Conference, Defendants' counsel suggested that adding Defendant Hu to Claim 3 as a co-employer would necessitate reopening discovery. The Court inquired why

1  additional discovery would be required, since all information regarding Defendant Hu's roles in

2  the Defendant companies are within Defendants' control.  Defendants' counsel indicated that a

3  deposition of Plaintiff would be necessary to defend against the new claim against Mr. Hu.  While

4  it is unclear what relevant information regarding Defendant Hu's roles may be gleaned by

5  deposing Plaintiff, the Court wishes to mitigate any potential prejudice against Defendant Hu.  As

6  a deposition of Plaintiff is the only discovery Defendants identified as necessary, the Court will

7  permit the deposition.  The deposition shall be limited to four hours.

8         Defendants' Motion in Limine No. 1 is DENIED.  At the Final Pretrial Conference, the

9  Court orally granted Plaintiff leave to amend his pleading to add Defendant Hu as a defendant to

10  Claim 3 and to allege that Defendant Hu was Plaintiff's co-employer.  Plaintiff filed a third

11  amended complaint ("TAC") on March 7, 2022, consistent with that ruling.  *See* TAC, ECF 140.

12  **(2)    Defendants' Motion *in Limine* No. 2 to Exclude Evidence and Argument Regarding**

13  **Plaintiff's Changed Claim Against Defendant EHang Holdings Limited of Being a Co-**

14  **Employer of Plaintiff (107)**

15         Defendants moves to exclude evidence and argument regarding Plaintiff's new theory that

16  Defendant EHang Holdings Limited was Plaintiff's co-employer.  While Defendant EHang

17  Holdings Limited is named as a defendant in Claim 3 for violations of the California Labor Code,

18  the SAC does not expressly allege that EHang Holdings Limited was Plaintiff's co-employer.

19  Defendants contend that Plaintiff should not be able to pursue a co-employer theory against

20  Defendant EHang Holdings Limited.

21         Plaintiff argues that amendment of Claim 3 to add a theory that Defendant EHang

22  Holdings Limited was a co-employer is proper to conform his pleading to proof.  Plaintiff's

23  request is governed by Rule 15(b)(1).  Thus, the Court should "freely permit" the proposed

24  amendment unless doing so would prejudice Defendant EHang Holdings Limited.  Fed. R. Civ. P.

25  15(b)(1)  The Court observes that the SAC already alleges facts supporting an agency relationship

26  between Defendants EHang Holdings Limited and Guangzhou EHang Intelligent Technology Co.,

27  Ltd.  Plaintiff argues that evidence already in the record supports his new co-employer theory.

28  Defendants have not identified any prejudice to Defendant EHang Holdings Limited or any further

1   discovery that would be required to defend against Plaintiff's new theory.

2       Defendants' Motion in Limine No. 2 is DENIED.  At the Final Pretrial Conference, the

3   Court orally granted Plaintiff leave to amend his pleading to allege that Defendant EHang

4   Holdings Limited was his co-employer for purposes of Claim 3.  Plaintiff filed a TAC on March 7,

5   2022, consistent with that ruling.  *See* TAC, ECF 140.

6   **(3)**     **Defendants' Motion *in Limine* No. 3 to Exclude Evidence and Argument Regarding**

7   **Plaintiff's Changed Relief (ECF No. 108)**

8       Defendants move to exclude evidence and argument on what they characterize as "changed

9   relief" from that requested in the SAC.  Specifically, Defendants object that Plaintiff is seeking

10  damages for tax consequences flowing from Defendants' alleged failure to grant him the shares to

11  which he claims entitlement, because those tax-related damages are not expressly alleged in the

12  SAC.

13      The SAC's Prayer for Relief is extremely broad, requesting an order compelling EHang

14  Holdings to issue 129,107 shares of its capital stock to Plaintiff; compensatory damages, statutory

15  penalties, and/or restitution according to proof; punitive damages; injunctive relief; attorneys' fees

16  and costs; prejudgment interest; and "such other and further relief as the Court may deem proper."

17  This language is broad enough to encompass all possible relief in this case.  Defendants have not

18  cited to any authority requiring Plaintiff to enumerate each and every element of his damages

19  claim in his complaint.  At the Final Pretrial Conference, the Court observed that damages

20  generally are fleshed out in discovery.

21      Defendants' Motion in Limine No. 3 is DENIED.

22      **IT IS SO ORDERED.**

23

24  Dated:  March 8, 2022

25                      _____

26                      BETH LABSON FREEMAN
                    United States District Judge

27

28

*United States District Court*
*Northern District of California*