# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| GARY WANG,<br><br>    Plaintiff,<br><br>v.<br><br>EHANG HOLDINGS LIMITED, et al.,<br><br>    Defendants. | Case No. 20-cv-00569-BLF<br><br>**ORDER RE PARTIES' TRIAL BRIEFS ON JOINT EMPLOYER ISSUE**<br><br>[RE: ECF 161, 162] |

With leave of the Court, Plaintiff filed a third amended complaint adding allegations that Huazhi Hu was his joint employer, and adding Hu as a defendant to Claim 3 for violations of California Labor Code §§ 201 and 203. At the Jury Instruction Conference, the Court requested additional briefing on a corporate officer's potential liability as a joint employer. The Court now confirms that Plaintiff may proceed on his joint employer theory pursuant to the definition of "employer" set forth in *Martinez v. Combs*, 49 Cal. 4th 35, 66 (2010). While *Martinez* addressed a claim under California Labor Code § 1194, California courts and district courts within the Ninth Circuit have applied *Martinez* to claims brought under California Labor Code § 203. *See Futrell v. Payday California, Inc.*, 190 Cal. App. 4th 1419, 1431 (2010) (applying *Martinez* to claim for violation of § 203); *Bullard v. Wastequip Mfg. Co. LLC*, No. CV 14-01309 MMM (SSx), 2015 WL 12766467, at *16 n.89 (C.D. Cal. Apr. 14, 2015) (same). The definition of employer "does not impose liability on individual corporate agents acting within the scope of their agency." *Martinez*, 49 Cal. 4th at 66. However, an individual's status as a shareholder and officer cannot insulate him "from liability as a joint employer if his actions meet any one of the three definitions set forth in *Martinez*." *Turman v. Superior Ct. of Orange Cty.*, 17 Cal. App. 5th 969, 986 (2017).

Dated: March 28, 2022

                                            BETH LABSON FREEMAN
                                            United States District Judge