UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GARY WANG,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>EHANG HOLDINGS LIMITED, et al.,<br><br>　　　　　Defendants. | Case No. 20-cv-00569-BLF<br><br>**ORDER RE APPARENT INCONSISTENCY IN JURY'S SPECIAL VERDICT** |

There is an apparent inconsistency in the jury's special verdict. The jury found that Plaintiff proved all elements of false promise against one of the four individual defendants, Hauzhi Hu, and that the two entity defendants, Guangzhou EHang Intelligent Technology Co., Ltd. and EHang Holdings Limited, were vicariously liable for Hu's false promise. *See* Verdict at 3-6, ECF 183. The jury found that Plaintiff did not prove all elements of false promise against the remaining three individual defendants, Derrick Yifang Xiong, Shang-Wen Hsiao, and Richard Jian Liu. *See id.*

The false promise claim was the only claim that could give rise to punitive damages. The jury was instructed that if they decided that the defendants' conduct under the false promise claim caused Plaintiff harm, they were to "decide whether that conduct justifies an award of punitive damages." Jury Instr. 76, ECF 177. The instruction on punitive damages explained that "[t]he purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future." *Id*. Accordingly, the jury properly should have answered question 19 on the verdict form, asking whether Plaintiff proved that any defendant acted with malice, oppression, or fraud, only as to the defendants found liable for false promise. The jury instead answered question 19 as to all defendants. *See* Verdict at 7.

1  The jury determined that the three defendants it found liable for false promise – Hauzhi
2  Hu, Guangzhou EHang Intelligent Technology Co., Ltd., and EHang Holdings Limited – acted
3  with malice, oppression, or fraud. *See* Verdict at 7. However, the jury also found that two
4  defendants it found not liable for false promise – Shang-Wen Hsiao and Richard Jian Liu – acted
5  with malice, oppression, or fraud. *See id.* The jury awarded punitive damages only against
6  Hauzhi Hu, in the amount of $5,000,000, and against EHang Holdings Limited, in the amount of
7  $10,000,000. *See* Verdict at 9. The jury entered the amount "$0.00" on the line for punitive
8  damages against Guangzhou EHang Intelligent Technology Co., Ltd. The jury left blank the lines
9  for punitive damages against Derrick Yifang Xiong, Shang-Wen Hsiao, and Richard Jian Liu.

"[W]hen confronted by seemingly inconsistent answers to the interrogatories of a special verdict, a court has a duty under the seventh amendment to harmonize those answers, if such be possible under a fair reading of them." *Floyd v. Laws*, 929 F.2d 1390, 1396 (9th Cir. 1991). "A court is also obligated to try to reconcile the jury's findings by exegesis, if necessary." *Id.* "Only in the case of fatal inconsistency may the court remand for a new trial." *Id.*

In the Court's view, the apparent inconsistency in the special verdict can be harmonized. Reading the verdict as a whole, it does not appear that the jury intended to find Shang-Wen Hsiao and Richard Jian Liu liable for punitive damages. When completing question 27, which listed each defendant and provided a corresponding line on which a punitive damages award could be written, the jury wrote only on the lines corresponding to Guangzhou EHang Intelligent Technology Co., Ltd. ("$0.00"), EHang Holdings Limited ("$10,000,000"), and Hauzhi Hu ("$5,000,000"). *See* Verdict at 9. By entering "$0.00" on the line corresponding to Guangzhou EHang Intelligent Technology Co., Ltd., the jury appeared to indicate that Guangzhou EHang Intelligent Technology Co., Ltd. was liable for punitive damages but the jury chose to award "$0.00." In contrast, the jury left blank the lines corresponding to Shang-Wen Hsiao and Richard Jian Liu. The most reasonable explanation for this difference is that the jury found Shang-Wen Hsiao and Richard Jian Liu to have acted with the mental state necessary to render them liable for punitive damages *if* they had been found liable for false promise. However, because Shang-Wen Hsiao and Richard Jian Liu were not found liable for false promise, the jury did not find them

liable for punitive damages and therefore left blank the lines corresponding to their names instead of entering "$0.00" as they did with respect to Guangzhou EHang Intelligent Technology Co., Ltd.

Even if the jury did intend their responses to question 19 to constitute findings of liability for punitive damages against Shang-Wen Hsiao and Richard Jian Liu, the Court must disregard those findings as surplusage. In question 7, the jury found that Plaintiff did not prove one of the elements of false promise against Shang-Wen Hsiao and Richard Jian Liu. *See* Verdict at 3. Liability for false promise was a prerequisite to liability for punitive damages in this case. The jury's answer to question 7 thus obviated the need for factual findings as to whether Shang-Wen Hsiao and Richard Jian Liu acted with malice, oppression, or fraud. Under those circumstances, this Court is bound to disregard the jury's responses to question 19 as surplusage with respect to Shang-Wen Hsiao and Richard Jian Liu. *See Floyd*, 929 F.2d at 1399 ("Assuming, as this court must under *Gallick*, that the jury correctly answered question 13, that answer disposed of the legal issue before the trial court and obviated the need for any further finding of fact. At that point, the trial court was bound by law to disregard any answer to question 14 as surplusage.").

In summary, the Court finds that the apparent inconsistency in the special verdict can be harmonized and that, in any event, the Court must disregard the jury's responses to question 19 as surplusage with respect to Shang-Wen Hsiao and Richard Jian Liu.

**IT IS SO ORDERED.**

Dated: April 28, 2022

_____
BETH LABSON FREEMAN
United States District Judge