1
2
3
4
5
6
7

United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| GARY WANG, | Case No.  20-cv-00569-BLF |
| Plaintiff, | |
| v. | **FINDINGS OF FACT AND CONCLUSIONS OF LAW RE EQUITABLE ESTOPPEL** |
| EHANG HOLDINGS LIMITED, et al., | |
| Defendants. | |

## I.    INTRODUCTION

Plaintiff Gary Wang filed this action in January 2020, asserting employment-related claims against Defendants EHang Holdings Limited, Guangzhou EHang Intelligent Technology Co., Ltd., Huazhi Hu, Derrick Yifang Xiong, Shang-Wen Hsiao, and Richard Jian Liu.  *See* Compl., ECF 1. The operative third amended complaint ("TAC") asserts claims for:  (1) Breach of Contract against EHang Holdings Limited and Guangzhou EHang Intelligent Technology Co., Ltd.; (2) Fraud/False Promise against all Defendants; and (3) Failure to Pay Wages against EHang Holdings Limited, Guangzhou EHang Intelligent Technology Co., Ltd., and Huazhi Hu.  *See* TAC, ECF 140.

Prior to the scheduled jury trial, Defendants advised the Court that they would assert statute of limitations defenses to the claims for false promise and unpaid wages.  Plaintiff Wang advised that he would argue that Defendants are estopped from asserting statute of limitations defenses to those claims.  The parties agreed on a special verdict form that asked, among other things, whether  Defendants proved that Plaintiff did not file his claims for false promise and unpaid wages on time, and whether Plaintiff proved that Defendants are estopped from asserting

statute of limitations defenses to those claims.  *See* Verdict, ECF 183.  The Court informed the parties that the jury's findings on estoppel would be advisory, as estoppel is an equitable issue to be determined by the Court.

The jury returned a verdict on April 11, 2022.  *See* Verdict, ECF 183.  As relevant to the issue of estoppel, the jury found that:  Defendants Huazhi Hu, Guangzhou EHang Intelligent Technology Co., Ltd., and EHang Holdings Limited are liable on the claims for false promise and unpaid wages; Plaintiff did not timely file those claims; and Defendants are estopped from asserting statute of limitations defenses to those claims.  *See id.* at 3-8.

On April 12, 2022, the Court issued an order indicating that the issue of equitable estoppel is ripe for decision by the Court.  *See* Order Setting Briefing Sched., ECF 184.  The Court directed the parties to file simultaneous briefs on the issue of estoppel.  *See id.*  The parties timely filed their briefs on April 15, 2022, arguing the equitable estoppel issue based on evidence that was presented during the jury trial.

Having considered the briefing of the parties and the evidence presented at trial, the Court makes the following findings of fact and conclusions of law with respect to the issue of equitable estoppel.

## II.  LEGAL STANDARD

"In a diversity action, federal law governs whether a party is entitled to a jury trial and if so, on what issues."  *Granite State Ins. Co. v. Smart Modular Techs., Inc.*, 76 F.3d 1023, 1026-27 (9th Cir. 1996).  "The seventh amendment preserves the right to trial by jury of all legal claims," but "no right to a jury exists" for an equitable remedy.  *Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*, 890 F.2d 165, 170 (9th Cir. 1989).  "The doctrine of equitable estoppel is pre-eminently the creature of equity."  *Granite State*, 76 F.3d at 1027 (quotation marks and citation omitted).

"In an action not triable of right by a jury, the court, on motion or on its own . . . may try any issue with an advisory jury."  Fed. R. Civ. P. 39(c)(1).  "In an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately."  Fed. R. Civ. P. 52(a)(1).  "The findings and conclusions may be stated on the record after the close of the evidence or may appear in an opinion or a memorandum of decision

1   filed by the court." *Id*.  "One purpose behind Rule 52(a) is to aid the appellate court's

2   understanding of the bases of the trial court's decision." *Simeonoff v. Hener*, 249 F.3d 883, 891

3   (9th Cir. 2001) (internal citation omitted).  "The district court is not required to base its findings

4   on each and every fact presented at trial." *Id.*

5        "[I]n a case where legal claims are tried by a jury and equitable claims are tried by a judge,

6   and the claims are based on the same facts, in deciding the equitable claims the Seventh

7   Amendment requires the trial judge to follow the jury's implicit or explicit factual

8   determinations." *Los Angeles Police Protective League v. Gates*, 995 F.2d 1469, 1473 (9th Cir.

9   1993) (quotation marks and citation omitted).

10  **III.   FINDINGS OF FACT**

11       Below, the Court sets forth its factual findings based on the evidence presented at trial, and

12  then it sets forth the jury's explicit and implicit factual findings as reflected in the verdict.

13       **A.   Court's Factual Findings**

14       1.   Plaintiff's last day of work was August 31, 2016.  *See* Partial Tr. Vol. 1, 53:19-20,

15  ECF 171.

16       2.   In 2016 and thereafter, Huazhi Hu was the Chief Executive Officer ("CEO") of

17  EHang Holdings Limited and Guangzhou EHang Intelligent Technology Co., Ltd.  *See* Partial Tr.

18  Vol. 2, 177:10-25, ECF 172.  Hu monitors business matters from the background and he always

19  has the final say.  *See* Partial Tr. Vol. 1, 44:18-19; Partial Tr. Vol. 2, 234:20-235:1.  Hu is "the Big

20  Boss."  *See* Partial Tr. Vol. 2, 275:17-19.

21       3.   In 2016, Richard Liu was the Vice President of Finance of EHang Holdings,

22  Limited.  *See* Partial Tr. Vol. 2, 238:22-239:12; Partial Tr. Vol. 3, 5:7-14, ECF 180.  Richard Liu

23  became the Chief Financial Officer ("CFO") of EHang Holdings, Limited in May 2017.  *See*

24  Partial Tr. Vol. 3, 5:13-14.

25       4.   Shang Hsaio was the CFO of Guangzhou EHang Intelligent Technology Co., Ltd.

26  *See* Partial Tr. Vol. 3, 6:8-9.

27       5.   Officers did not differentiate between EHang Holdings, Limited and Guangzhou

28  EHang Intelligent Technology Co., Ltd. – they viewed themselves as the "Group CEO," "Group

United States District Court
Northern District of California

VP Finance," and "Group CFO" of both companies.  *See* Partial Tr. Vol 3, 239:1-8.  Thus, although Richard Liu was technically employed by EHang Holdings, Limited, he covered the financial operations of Guangzhou EHang Intelligent Technology Co., Ltd.  *See* Partial Tr. Vol. 3, 5:15-7:11.

6.      Shortly before Plaintiff resigned his employment, he sent an email to Richard Liu and Shang Hsiao, requesting that he be issued a stock certificate for the Restricted Share Units ("RSUs") of EHang Holdings Limited that he was promised as part of his compensation.  *See* Partial Tr. Vol. 1, 53:24-54:5; Partial Tr. Vol. 2, 235:6-22.

7.      Plaintiff did not receive a response to that email.  *See* Partial Tr. Vol. 1, 54:1-5.

8.      Plaintiff sent a follow-up text message to Richard Liu requesting issuance of a stock certificate for the RSUs.  *See* Partial Tr. Vol. 2, 239:9-240:4.

9.      Richard Liu responded with a text message advising Plaintiff that the RSUs could not be distributed because the Board of Directors had yet to approve an Employee Stock Option Plan ("ESOP").  *See* Partial Tr. Vol. 2, 240:5-18.

10.      Richard Liu also stated that an ESOP would not be approved until after completion of series C financing.  *See* Partial Tr. Vol. 2, 242:12-243:9.

11.      Richard Liu told Plaintiff that his RSUs would be distributed retroactively after the series C round and adoption of an ESOP.  *See* Partial Tr. Vol. 2, 244:1-6.

12.      Plaintiff reached out to Richard Liu and Shang Hsaio again in September 2016, after leaving his employment, asking about issuance of his RSUs.  Those communications were via text messages and a telephone call.  *See* Partial Tr. Vol. 2, 251:10-258:8.

13.      Shang Hsaio stated that Plaintiff's RSUs were not being denied, they were just delayed, and he suggested that Plaintiff set up a BVI offshore account to hold the shares once distributed.  *See* Partial Tr. Vol. 2, 251:10-258:8.

14.      Richard Liu indicated that an ESOP would be approved in October 2016.  *Id.*  Plaintiff agreed to wait for the approval of an ESOP.  *See* Partial Tr. Vol. 2, 251:10-258:8.

15.      Plaintiff continued to wait for notice that an ESOP had been approved and that his RSUs would be distributed.  Partial Tr. Vol. 1, 61:1-14.  Plaintiff messaged Shang Hsaio or other

corporate officers every other month or so to inquire about the status of the ESOP and his RSUs. *Id.*; Partial Tr. Vol. 2, 261:1-264:19.

16.     Plaintiff also monitored the news to see if EHang Holdings, Limited had a C round of financing, because he understood that the delay in the series C financing was causing a delay in approval of an ESOP.  *See* Partial Tr. Vol. 2, 262:7-263:20.

17.     The first tranche of the series C financing closed at the end of 2016.  *See* Partial Tr. Vol. 3, 66:24-67:4.

18.     EHang Holdings, Limited's ESOP was approved right afterward.  *See* Partial Tr. Vol. 3, 67:6-8.

19.     The series C round closed in approximately September 2017.  *See* Partial Tr. Vol. 3, 66:13-18.  EHang Holdings, Limited generated significant publicity for its A and B rounds of financing, but it did not issue a press release or otherwise publicize its series C financing.  *See* Partial Tr. Vol. 3, 67:19-68:10.

20.     Richard Liu received his first RSU distribution in 2017.  *See* Partial Tr. Vol. 3, 66:6-12.

21.     Plaintiff made specific inquiries to Shang Hsaio in February 2017 and August 2017, asking for any updates about the RSUs, the series C financing, and the ESOP.  *See* Partial Tr. Vol. 2, 261:1-19; Partial Tr. Vol. 2, 264:6-265:14.  Shang Hsiao did not respond.  *See id.*

22.     In November 2019, Plaintiff learned from EHang Holdings, Limited's public filings with the Securities and Exchange Commission that the series C financing had been completed; an ESOP had been approved; EHang Holdings, Limited had filed for an IPO and to be listed on the NASDAQ; and certain directors, officers, and employees had received RSUs.  *See* Partial Tr. Vol. 2, 265:16-266:8, 269:4-271:9.

23.     Plaintiff sent an email dated November 11, 2019 to Richard Liu, which was copied to Huazhi Hu, offering congratulations on the company's success and asked for his RSUs.  *See* Partial Tr. Vol. 2, 269:19-272:9.  Plaintiff did not receive a response.  *See id.*

24.     Plaintiff thereafter tried to reach Richard Liu several times via text message, with no response.  *See* Partial Tr. Vol. 2, 272:7-9.

1

25.     In December 2019, Plaintiff messaged Huazhi Hu directly, again offering

2

congratulations on the impending IPO and asking for his RSUs.  *See* Partial Tr. Vol. 2, 272:18-

3

276:16.  Hu responded and after several texts back and forth, Hu stated that he would tell Richard

4

Liu to handle things in the way Plaintiff was promised.  *See id.*  However, Richard Liu never

5

contacted Plaintiff.  *See id.*

6

26.     Plaintiff filed this suit in January 2020.  *See* Partial Tr. Vol. 2, 276:17-19.

7

**B.      Jury's Explicit and Implicit Factual Findings**

8

27.     The jury found liability against Defendants Huazhi Hu, Guangzhou EHang

9

Intelligent Technology Co., Ltd., and EHang Holdings Limited on the false promise claim.  *See*

10

Verdict at 3-6.  Specifically, the jury found that Hu made a false promise to Wang and that

11

Guangzhou EHang Intelligent Technology Co., Ltd. and EHang Holdings Limited are vicariously

12

liable for Hu's false promise.  *See id.*

13

28.     The jury found that Plaintiff Wang did not file his false promise claim within the

14

statute of limitations.  *See* Verdict at 7.

15

29.     The jury answered "yes" to the following question on the verdict form:  "21.  Has

16

Gary Wang proved that Defendants are estopped from asserting the defense of statute of

17

limitations to the fraud claim because of something they said or did?"  Verdict at 7.

18

30.     The jury instructions included Instruction No. 62, listing the facts Plaintiff had to

19

prove in order to be entitled to proceed on a late-filed fraud claim under an estoppel theory:

20

**Instruction No. 62. Statute of Limitations–Defendants Estopped**

21

Plaintiff Gary Wang claims that even if his false promise claim was not filed on
time, he may still proceed because defendants did or said something that caused
Gary Wang to delay filing the false promise claim. In order to establish the right to
proceed, Gary Wang must prove all of the following:

22

23

24

1. That one or more of defendants said or did something that caused Gary Wang to
believe that it would not be necessary to file a lawsuit;

25

2. That Gary Wang relied on such conduct of defendant or defendants and therefore
did not file the lawsuit within the time otherwise required;

26

27

3. That a reasonable person in Gary Wang's position would have relied on such
conduct of the defendant or defendants;

28

United States District Court
Northern District of California

6

4. That Gary Wang proceeded diligently to file suit once he discovered the need to proceed. It is not necessary that the defendant or defendant have acted in bad faith or intended to mislead Gary Wang.

Jury Instr. No. 62, ECF 177.

31.     By answering "yes" to question 21 on the verdict form, the jury made implicit factual findings that Plaintiff proved the four facts listed in Instruction No. 62, namely that: one or more of the Defendants in this case did or said something that caused Plaintiff to believe it would not be necessary to file a lawsuit; Plaintiff relied on such conduct of the Defendant or Defendants; Plaintiff's reliance was reasonable; and Plaintiff proceeded diligently to file suit once he discovered the need to proceed.

32.     The jury found liability against Defendants Huazhi Hu, Guangzhou EHang Intelligent Technology Co., Ltd., and EHang Holdings Limited on the unpaid wages claim. *See* Verdict at 8. Specifically, the jury found that Hu, Guangzhou EHang Intelligent Technology Co., Ltd., and EHang Holdings Limited were Wang's joint employers and that they owe him wages. *See id.*

33.     The jury found that Plaintiff Wang did not timely file his unpaid wages claim. *See* Verdict at 8.

34.     The jury answered "yes" to the following question on the verdict form: "25.  Has Gary Wang proved that Defendants are estopped from asserting the defense of statute of limitations to the failure to pay wage claim because of something they said or did?" Verdict at 8.

35.     The jury instructions included Instruction No. 71, listing the facts Plaintiff had to prove in order to be entitled to proceed on a late-filed claim for unpaid wages under an estoppel theory:

**Instruction No. 71. Statute of Limitations–Defendants Estopped**

Plaintiff Gary Wang claims that even if his wage claim was not filed on time, he may still proceed because the employer or co-employer defendants Guangzhou Ehang Intelligent Technology, Ehang Holding, or Huazhi Hu (collectively the "employer defendants") did or said something that caused Gary Wang to delay filing the lawsuit. In order to establish the right to proceed, Gary Wang must prove all of the following:

1. That one or more of the employer defendants said or did something that caused Gary Wang to believe that it would not be necessary to file a lawsuit;

2. That Gary Wang relied on such conduct of one or more employer defendants and therefore did not file the lawsuit within the time otherwise required;

3. That a reasonable person in Gary Wang's position would have relied on such conduct of the one or more employer defendants;

4. That Gary Wang proceeded diligently to file suit once he discovered the need to proceed. It is not necessary that the employer defendant(s) have acted in bad faith or intended to mislead Gary Wang.

Jury Instr. No. 71, ECF 177.

36.     By answering "yes" to question 25 on the verdict form, the jury made implicit factual findings that Plaintiff proved the four facts listed in Instruction No. 71, namely that: Defendants Huazhi Hu, Guangzhou EHang Intelligent Technology Co., Ltd., and/or EHang Holdings Limited did or said something that caused Plaintiff to believe it would not be necessary to file a lawsuit; Plaintiff relied on such conduct of the Defendant or Defendants; Plaintiff's reliance was reasonable; and Plaintiff proceeded diligently to file suit once he discovered the need to proceed.

## IV.   CONCLUSIONS OF LAW

### A.   Legal Principles Re Equitable Estoppel

1.     Under the doctrine of equitable estoppel, "a party will be estopped from asserting the statute of limitations as a defense to an admittedly untimely action because his conduct has induced another into forbearing suit within the applicable limitations period." *Lantzy v. Centex Homes*, 31 Cal. 4th 363, 383 (2003) (quotation marks and citation omitted).

2.     "Where the delay in commencing action is induced by the conduct of the defendant it cannot be availed of by him as a defense." *Lantzy*, 31 Cal. 4th at 384 (quotation marks and citation omitted).

3.     "Under California law, there are four elements:  (1) The party to be estopped must know the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel had the right to believe that it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; and (4) he must rely upon the conduct to his injury." *Rustico v. Intuitive Surgical, Inc.*, 993 F.3d 1085, 1096 (9th Cir. 2021) (citation omitted).

United States District Court
Northern District of California

**B     Defendants EHang Holdings, Limited and Guangzhou EHang Intelligent Technology Co. are Equitably Estopped from Asserting Statute of Limitations Defenses to the False Promise and Unpaid Wages Claims**

4.     All of the elements of equitable estoppel are satisfied as to Defendants EHang Holdings, Limited and Guangzhou EHang Intelligent Technology Co., Ltd.

*First Element:  Knowledge of Party to be Estopped*

Richard Liu was the Vice President of Finance of EHang Holdings, Limited in 2016 and became the CFO of EHang Holdings, Limited in 2017.  Although technically employed by EHang Holdings, Limited, Richard Liu acted as the "Group VP Finance" and the "Group CFO" of both EHang Holdings, Limited and Guangzhou EHang Intelligent Technology Co., Ltd.  Richard Liu's conduct therefore is attributable to both EHang Holdings, Limited and Guangzhou EHang Intelligent Technology Co., Ltd.

Shang Hsaio was the CFO of Guangzhou EHang Intelligent Technology Co., Ltd.  However, Shang Hsaio acted as the "Group CFO" of both Guangzhou EHang Intelligent Technology Co., Ltd. and EHang Holdings, Limited.  Shang Hsiao's conduct therefore is attributable to both EHang Holdings, Limited and Guangzhou EHang Intelligent Technology Co., Ltd.

From the time Plaintiff Wang left his employment in August 2016, Richard Liu and Shang Hsaio knew that Plaintiff Wang asserted entitlement to the RSUs that had been promised to him as compensation.

*Second Element:  Intent that Conduct be Acted Upon*

Richard Liu and Shang Hsaio intentionally acted to delay any action on the part of Plaintiff to enforce his entitlement to the RSUs, by telling Plaintiff that he would get his RSUs but that distribution would be delayed because the RSUs could not be issued until an ESOP was approved, and that an ESOP would not be approved until completion of series C financing.  Richard Liu and Shang Hsaio did not notify Plaintiff when the series C financing commenced or completed, and they did not notify Plaintiff when the ESOP was approved.  Shang Hsaio ignored Plaintiff's specific inquiries during 2017, when those events had occurred or were in progress.

9

United States District Court
Northern District of California

After Plaintiff Wang became aware of EHang Holdings, Limited's public filings, Huazhi Hu assured Plaintiff that Richard Liu would make sure Plaintiff received everything he had been promised.

*Third Element:  Ignorance of Party Asserting Estoppel*

Plaintiff Wang was ignorant of the true facts until he discovered them through EHang Holdings, Limited's public filings with the SEC in 2019.

*Fourth Element:  Reliance*

Plaintiff Wang reasonably relied on the conduct of Richard Liu, Shang Hsaio, and Huazhi Hu in delaying filing suit until January 2020.

Plaintiff acted diligently to file suit once he became aware of the true facts, that is, that the ESOP was approved at the end of 2016, the series C financing was completed in 2017, Richard Liu, Shang Hsaio, and Huazhi Hu had been stringing him along, and his RSUs would not be forthcoming.

5.      Viewing the record as a whole, the Court finds that in fairness Defendants EHang Holdings, Limited and Guangzhou EHang Intelligent Technology Co., Ltd. are equitably estopped from asserting statute of limitations defenses to the claims for false promise and unpaid wages.

**C.      Defendant Huazhi Hu is Equitably Estopped from Asserting Statute of Limitations Defenses to the False Promise and Unpaid Wages Claims**

6.      All of the elements of equitable estoppel are satisfied as to Defendant Huazhi Hu.

*First Element:  Knowledge of Party to be Estopped*

Although Huazhi Hu did not directly make representations to Plaintiff prior to December 2019, Huazhi Hu was the CEO of EHang Holdings, Limited and Guangzhou EHang Intelligent Technology Co., Ltd., was the "Big Boss" of both Richard Liu and Shang Hsaio, monitored business matters from the background, and always had the final say.  These facts give rise to a reasonable inference that Huazhi Hu knew that Plaintiff Wang asserted entitlement to the RSUs that had been promised to him as compensation.

*Second Element:  Intent that Conduct be Acted Upon*

Huazhi Hu's roles in EHang Holdings, Limited and Guangzhou EHang Intelligent

United States District Court
Northern District of California

1  Technology Co., Ltd., knowledge, and authority give rise to a reasonable inference that Richard

2  Liu and Shang Hsaio were acting at Huazhi Hu's direction when they strung Plaintiff Wang along

3  for years as he waited for distribution of his RSUs.

4       This reasonable inference is strengthened by Hu's conduct when Plaintiff contacted him

5  directly in 2019.  Hu stated that he would direct Richard Liu to handle things in the way Plaintiff

6  had been promised, thus causing Plaintiff to wait more time before filing suit.  However, Richard

7  Liu never contacted Plaintiff.  Nor did Huazhi Hu.

8       *Third Element:  Ignorance of Party Asserting Estoppel*

9       Plaintiff Wang was ignorant of the true facts until he discovered them through EHang

10  Holdings, Limited's public filings with the SEC in 2019.

11       *Fourth Element:  Reliance*

12       Plaintiff Wang reasonably relied on the conduct of Huazhi Hu in delaying filing suit until

13  January 2020.

14       Plaintiff acted diligently to file suit once he became aware of the true facts, that is, that the

15  ESOP was approved at the end of 2016, the series C financing was completed in 2017, Richard

16  Liu, Shang Hsaio, and Huazhi Hu had been stringing him along, and his RSUs would not be

17  forthcoming.

18       7.     Viewing the record as a whole, the Court finds that in fairness Defendant Huazhi

19  Hu is equitably estopped from asserting statute of limitations defenses to the claims for false

20  promise and unpaid wages.

21       **D.**     **The Court's Conclusions of Law are Consistent with the Jury's Implicit**

22              **Factual Findings**

23       8.     The Court's determinations that Defendants EHang Holdings, Limited, Guangzhou

24  EHang Intelligent Technology Co., Ltd., and Huazhi Hu are equitably estopped to assert statute of

25  limitations defenses is consistent with the jury's verdict.

26       9.     The jury made implicit factual findings that Plaintiff proved all elements of

27  equitable estoppel.  This Court cannot make rulings contrary to the jury's implicit factual

28  determinations.  *See Los Angeles Police Protective Leagues*, 995 F.2d at 1473.

**V.    ORDER**

(1)    Consistent with the Court's findings of facts and conclusions of law, and the jury's verdict, the Court finds that Defendants EHang Holdings, Limited, Guangzhou EHang Intelligent Technology Co., Ltd., and Huazhi Hu ARE EQUITABLY ESTOPPED from asserting statute of limitations defenses to Plaintiff's claims for false promise and unpaid wages.

(2)    Because this order concludes this action in its entirety as to all parties and all claims, the Court will enter final judgment pursuant to Federal Rule of Civil Procedure 58 concurrently with this order.

Dated:  April 28, 2022

BETH LABSON FREEMAN
United States District Judge