UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GARY WANG,<br><br>    Plaintiff,<br><br>v.<br><br>EHANG HOLDINGS LIMITED, et al.,<br><br>    Defendants. | Case No.  20-cv-00569-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S AMENDED MOTION FOR ATTORNEYS' FEES, COSTS, AND INTEREST UNDER CALIFORNIA LABOR CODE**<br><br>[Re:  ECF 208] |

**I.  INTRODUCTION**

Plaintiff Gary Wang ("Wang") tried this employment action to a jury in April 2022, seeking damages from Defendants EHang Holdings Limited ("EHang Holdings"), Guangzhou EHang Intelligent Technology Co., Ltd. ("EHang Intelligent"), Huazhi Hu ("Hu"), Derrick Yifang Xiong ("Xiong"), Shang-Wen Hsiao ("Hsiao"), and Richard Jian Liu ("Liu").  Wang argued to the jury that Defendants promised him certain Restricted Share Units ("RSUs") of EHang Holdings stock as part of his compensation but failed to make good on that promise when Wang resigned.  The jury found liability against EHang Holdings and EHang Intelligent for breach of contract; against EHang Holdings, EHang Intelligent, and Hu for false promise; and against EHang Holdings, EHang Intelligent, and Hu for failure to pay wages.  *See* Verdict, ECF 183.  The jury found no liability against Xiong, Hsiao, or Liu.  Judgment was entered on April 28, 2022.

Wang seeks an award of attorneys' fees, costs, and interest against EHang Holdings, EHang Intelligent, and Hu under the California Labor Code based on the jury's verdict on the unpaid wages claim.  The motion is GRANTED IN PART AND DENIED IN PART.

## II. DISCUSSION

Defendants offer no substantive opposition to the motion other than a challenge to Wang's proposed use of a multiplier in calculating reasonable attorneys' fees, which is discussed below. However, Defendants request that the Court defer consideration of Wang's motion pending disposition of their motion for new trial. The Court has ruled on the motion for new trial, granting the motion with respect to the jury's verdict on the false promise claim and corresponding award of punitive damages, and otherwise denying the motion. *See* Order, ECF 232. The Court's disposition of the new trial motion does not affect the jury's verdict on the claim for unpaid wages, and therefore does not constitute a basis to delay ruling on Wang's motion.

Defendants assert that Hu intends to appeal the jury's verdict against him on the unpaid wages claim, and they request that the Court defer consideration of Wang's motion pending disposition of that appeal. Defendants do not cite any legal authority in support of that request, and the Court finds no basis to delay its ruling on Wang's motion pending disposition of an appeal that has not yet been filed.

The Court first discusses Wang's request for attorneys' fees and costs, and then it discusses his request for an award of interest.

### A. Attorneys' Fees and Costs

Wang seeks attorneys' fees and costs under California Labor Code § 218.5(a). That statute provides in relevant part that "[i]n any action brought for the nonpayment of wages . . . , the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action." Cal. Lab. Code § 218.5(a). There is no question that Wang is the prevailing party on his claim for failure to pay wages. Moreover, the original complaint in this action requests attorneys' fees and costs in the prayer. *See* Compl. at 7, ECF 1. Defendants do not dispute Wang's entitlement to reasonable attorneys' fees and costs under § 218.5(a). However, Defendants do challenge the amount of attorneys' fees requested by Wang.

Because Wang's request for costs is unopposed, the Court touches on that aspect of the motion only briefly. Wang asks the Court to award him costs in the amount of $7,766.75. Those

2

1  costs are itemized in a declaration of Wang's counsel and exhibits thereto. *See* Li Decl. ¶ 15 &
2  Exhs. B, C. The Court finds Wang's requested costs to be reasonable, and Defendants do not
3  argue to the contrary. Accordingly, the Court will grant Wang's request for an award of costs in
4  the amount of $7,766.75.

5        Wang asks the Court to award him attorneys' fees in the amount of $521,883.00, which is
6  based on an asserted lodestar of $260,941.50 with a requested multiplier of 2. California law
7  governs Wang's request for fees under the California Labor Code. *See Winterrowd v. Am. Gen.*
8  *Annuity Ins. Co.*, No. CV-00-00677 CAS (RCx), 2004 WL 7333894, at *2 (C.D. Cal. Oct. 20,
9  2004) (citing *Mangold v. California Pub. Utilities Comm'n*, 67 F.3d 1470, 1479 (9th Cir. 1995)).
10 "Under California law, in order to calculate attorneys' fees the trial court begins by fixing a
11 lodestar or touchstone reflecting a compilation of the time spent and reasonable hourly
12 compensation of each attorney or legal professional involved in the presentation of the case."
13 *Winterrowd*, 2004 WL 7333894, at *2 (internal quotation marks and citation omitted). "The court
14 then adjusts this figure in light of a number of factors that justify augmentation or diminution."
15 *See id.*

16       Wang's counsel spent 670.8 hours on this case. Li Decl. ¶ 12. Lead counsel, J. James Li,
17 normally bills his time at $500 per hour. *See id* Exh. A. The normal billing rates of the other
18 attorneys who worked on the case range between $250 and $380 per hour. *See id.* The paralegal's
19 rate is $185 per hour. *See id.* Wang provides a summary chart showing what work each
20 professional did. *See id.* Based on the hours expended and professionals' billing rates, Wang
21 calculates his lodestar to be $260,941.50. *See id.* The Court finds that both the hours expended
22 and the applicable billing rates are reasonable. Defendants do not challenge Wang's claimed
23 hours, rates, or proposed lodestar. Accordingly, the Court finds that the lodestar in this case is
24 $260,941.50.

25       Next, the Court must determine whether an increase or decrease of the lodestar is
26 appropriate. The lodestar "may be adjusted by the court based on factors including, as relevant
27 herein, (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting
28 them, (3) the extent to which the nature of the litigation precluded other employment by the

3

attorneys, (4) the contingent nature of the fee award." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001). Wang asks the Court to enhance the lodestar by a multiplier of 2. Defendants argue that use of a multiplier is not warranted.

The first factor, the novelty and difficulty of the questions involved, does not weigh in favor of a multiplier, as Wang asserted run-of-the-mill claims for breach of contract, promissory fraud, and unpaid wages. Those claims did not involve novel or complex issues. The second factor, counsel's skill, weighs slightly in favor of a multiplier. While the issues presented were not complex, Wang's counsel tried the case skillfully and obtained an excellent result for his client. The third factor, preclusion of other employment, does not weigh in favor of a multiplier. Wang's counsel, Mr. Li, states in his declaration that he was busy with other cases during the litigation of Wang's case. *See* Li Decl. ¶ 8. The fourth factor, the contingent nature of the fee award, weighs slightly in favor of a multiplier. While Wang's counsel did not take the case entirely on a contingency basis, there was a contingent component to the fee arrangement, as counsel billed Wang at a 16% discount in the hope of recovering attorneys' fees at the end of the case. *See* Li Decl. ¶ 13. Considering all of these factors, the Court concludes that a modest enhancement of the lodestar is warranted, and therefore it applies a multiplier of 1.2.

Based on the lodestar of $260,941.50 and a multiplier of 1.2, the Court will award reasonable attorneys' fees to Wang in the amount of $313,129.80.

**B.      Interest**

Wang seeks 10% annual interest on the $3,500,000 compensatory damages award, commencing July 1, 2021. California Labor Code § 218.6 provides that, "In any action brought for the nonpayment of wages, the court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code, which shall accrue from the date that the wages were due and payable." Cal. Lab. Code § 218.6. The rate of interest specified in Civil Code § 3289(b) is 10% per annum. *See* Cal. Civ. Code § 3289(b). At the trial, the jury was asked, "What was the date of accrual for prejudgment interest under the failure to pay wage claim?" Verdict at 10. The jury determined that the accrual date is July 1, 2021. *See id.* Defendants do not oppose Wang's request for an award of interest. The request will be granted.

**III. ORDER**

(1) Plaintiff Wang's motion for an award of attorneys' fees, costs, and interest against Defendants EHang Holdings, EHang Intelligent, and Hu under the California Labor Code is GRANTED IN PART AND DENIED IN PART as set forth above, and Plaintiff Wang is awarded:

(a) Reasonable attorneys' fees in the amount of $313,129.80;

(b) Reasonable costs in the amount of $7,766.75; and

(b) Ten percent (10%) interest per annum on the compensatory damages award of $3,500,000 arising out of the California Labor Code claim, with an accrual date of July 1, 2021 and continued accrual until the principal amount of $3,500,000 is paid in full.

(2) This order terminates ECF 208.

Dated: October 6, 2022

_____
BETH LABSON FREEMAN
United States District Judge